UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

DAVID STEBBINS,

       Plaintiff,

v.                                        CASE NO. 2:24-cv-00140

JOSHUA MOON and LOLCOW, LLC

       Defendants.

### DEFENDANTS' MOTION FOR SCREENING OF *IN FORMA PAUPERIS* COMPLAINT AND FOR LEAVE TO SUPPLEMENT THE RERCORD

NOW COME the Defendants, by and through their undersigned counsel, and move that this Court screen the Complaint which Mr. Stebbins has filed with this Court pursuant to 28 U.S.C.§ 1915 (e), and to grant leave for the Defendants to supplement the record for purposes of such screening, prior to the issuance of any summons and before responsive pleadings become due in the ordinary course. In support of this Motion, the Defendants state as follows:

1.      The Plaintiff is a resident of Arkansas, and the gravamen of the Complaint appears to be a video that was posted to YouTube. ECF No. 2, ¶ 1. One might naturally query why the Plaintiff elected to sue in West Virginia.

2.      The answer to such a query is that the Plaintiff is a notorious vexatious litigant, who has been barred from filing complaints such as these in *every* other available federal forum:

      a.    The Western District of Arkansas (where Mr. Stebbins resides) declared Mr. Stebbins a vexatious litigant and imposed a pre-filing injunction upon him over a decade ago. *Stebbins v. Stebbins*, 575 F. App'x 705 (8th Cir. 2014) (upholding pre-filing injunction against Mr. Stebbins).

      b.    The U.S. District Court for the Northern District of California (where

YouTube does business and where Mr. Stebbins has filed most of his recent copyright suits) declared Mr. Stebbins a vexatious litigant and imposed specific pre-filing injunctions against him in *Stebbins v. Google LLC*, No. 23-cv-00322-TLT, 2023 U.S. Dist. LEXIS 169937, at *30 (N.D. Cal. Aug. 30, 2023) (additional requirements for prefiling review applied to suits involving YouTube and suits alleging copyright infringement).

3. Indeed, the Plaintiff appears to have filed suit in West Virginia specifically to evade the pre-filing requirements to which he would have been subject in the above jurisdictions. This too is part of Mr. Stebbins' pattern, and another U.S. District Court has specifically held that Mr. Stebbins practice of filing suits in new courts in an attempt to evade the orders of the courts with which Mr. Stebbins is better acquainted is itself abusive. *Stebbins v. Hixson*, No. 3:18-CV-03040, 2018 U.S. Dist. LEXIS 79361, at *7 (W.D. Ark. May 8, 2018) ("The Court finds that Mr. Stebbins's recent practice of filing lawsuits in the Eastern District and waiting for them to be transferred to the Western District is a transparent end-run around this Court's filing restrictions…").[1]

4. As this Court recently held with a far less prodigious pro se litigant "Where, as here, a plaintiff seeks to proceed *in forma pauperis*, a court must dismiss the case upon determining it '(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.'" *Smith v. United States Fed. Gov't Agencies*, No. 5:22-cv-00154, 2023 U.S. Dist. LEXIS 78131, at *4-5 (S.D. W. Va. May 4, 2023), citing 28 U.S.C. § 1915(e)(2)(B).

---

[1] Notably, the Plaintiff also attempts to file suit against judges or against the United States in the Court of Claims as another end run around the District Courts that have failed to grant him judgment. *Stebbins v. United States*, 105 Fed. Cl. 81 (2012).

5.      The requirement of screening a pro se Complaint is "designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits." *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). When conducting a screening, courts are permitted "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* at 327.

6.      Mr. Stebbins has neglected to provide the Court his history of pre-filing injunctions, notwithstanding the orders of the above-cited U.S. District Courts and of the Eighth Circuit Court of Appeals, including specifically orders which reference YouTube and claims purportedly arising under copyright. Therefore, the Defendants request permission to supplement the record as detailed herein for purposes of facilitating an appropriate screening, reserving all rights to proper and timely service of the Complaint and all appropriate defenses if the Court ultimately rules that this case should proceed past the screening stage.

Respectfully submitted this the 27th day of March, 2024,

/s/ Mark Heath
Mark Heath, W. Va. Bar No. 5815
Spilman, Thomas & Battle, PLLC
P.O. Box 273
Charleston, WV 25321-0273
Phone: 304-340-3843
Fax: 304-340-3801
Email: mheath@spilmanlaw.com

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**DAVID STEBBINS,**

    **Plaintiff,**

**v.**                                                  **CASE NO. 2:24-cv-00140**

**JOSHUA MOON and LOLCOW, LLC**

    **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing "**Defendants' Motion for Screening of *In Forma Pauperis* Complaint and for Leave to Supplement the Record**" was filed via CM/ECF this 27th day of March, 2024, and that I also deposited a true and correct copy of the same into the U.S. Mail, with First Class Postage prepaid, addressed to:

    David Stebbins
    123 West Ridge Ave, Apt. D
    Harrison, Arkansas 72601

                                                       /s/ Matthew D. Hardin
                                                       Matthew D. Hardin