UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF WEST VIRGINIA

DAVID STEBBINS,                                                          PLAINTIFF

VS.                                    2:24-cv-00140

JOSHUA MOON AND LOLCOW, LLC                          DEFENDANTS

### RESPONSE IN OPPOSITION TO DKT 6, MOTION FOR SCREENING OF IN FORMA PAUPERIS APPLICATION AND TO SUPPLEMENT THE REOCRD

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Response in Opposition to the Defendants' Motion for Screening of In Forma Pauperis Application and to Supplement the Record.

### Other Motions

1. For the record, I have a Motion for CM/ECF Access pending. Filing my response to this motion was extremely stressful due to the lack of ECF access. I would greatly appreciate a speedy granting of that motion as it would make all future filings in this case much more convenient.

### No Objections to IFP Screening

2. First, I do not object to the Defendants' request that the Court review the Complaint under 28 USC § 1915(e). In fact, I thought that's what the Court was already doing of its own accord. Why else would it take more than one day to grant the IFP application?

3. However, for what it's worth, while the Defendants correctly cite the case of Neitzke v. Williams as authority for the Court to dismiss sua sponte complaints that it finds to be "clearly baseless," they have failed to offer literally any reason, whatsoever, as to why *this* lawsuit should be so dismissed.

4. The Defendants' sole grounds for why this case should be dismissed sua sponte under 28 USC § 1915(e) is the fact that I have been declared vexatious in the past. However, that is not a grounds upon which to dismiss an otherwise valid claim, even if that same complaint would easily pass § 1915(e) review under otherwise identical circumstances. If the Court were to adopt that policy, would be tantamount to declaring that I am not allowed to file any lawsuit in any federal court.

5. That, however, would be flagrantly unconstitutional. Even if the Court were to place restrictions on my filing privileges, those restrictions must be tailored to the individual litigant. If the litigant is so poor, and the restrictions so restrictive, that they effectively amount to a de facto foreclosure of court access in its entirety, then those restrictions are unconstitutional. In fact, if the Defendants supplement the record in the manner described in their motion, and they attach a copy of the Arkansas Court's order, you will find that even the Arkansas judge acknowledged that much, and toned down the recommended restrictions accordingly.

6.    For what it is worth, one of my cases, nearly identical in merit to this one, has already been screened under a "vexatious litigant" standard and passed with flying colors. Specifically, I am referring to Case 3:24-cv-00398-LJC (Stebbins v. Baz) in the US District Court for the Northern District of California. That case was reviewed pursuant to a "restricted filing" order. However, when Duty Judge Casey Pitts conducted said review, he allowed the copyright infringement claims to proceed. See Dkt. 3 in that case.

7.    This is especially prudent here because, as a matter of merit, the instant case against Joshua Moon and Lolcow LLC is nearly identical in all material aspects to that case, at least in regards to the affirmative defense of fair use. In fact, if you review Dkt. 1 (Complaint), ¶¶ 83-105 of that case, you will find my arguments regarding fair use were copy-pasted, almost verbatim, into ¶¶ 71-89 of the Complaint in *this* case, because the two cases for fair use are so identical!

8.    Even better, if you review the Complaint in the Baz case, and review ¶ 67(e) of that Complaint, you can see that I provide a link to a YouTube video that, among other things, shows proof that *YouTube's own lawyers* manually vetted my DMCA Takedowns and manually found fair use to be wanting for the reasons I describe in that Complaint. That should put into perspective for the Court just how nonfrivolous my case against Baz (and, by extension, my case against Moon and his company) truly is.

9.    Admittedly, the instant case is slightly different from the Baz case in one area: DMCA Safe Harbor. However, as I have demonstrated, the Defendants have lost safe harbor and been found vicariously liable in the case of Greer v. Moon, 83 F. 4th 1283 (10th Cir. 2023). The facts of that case are just as identical to the instant case in regards to safe harbor as the facts of the case of Stebbins v. Baz are to the instant case in regards to fair use.

10.    But even barring that, the precedent of this very circuit makes clear that the Defendants have lost the safe harbor defense. See ALS Scan v. RemarQ Communities, 239 F. 3d 619 (4th Cir. 2001)[1], which holds in pertinent part the following:

> "17 U.S.C. § 512(c), gives Internet service providers a safe harbor from liability for 'infringement of copyright by reason of the storage at the direction of a user of material that resides on a system or network controlled or operated by or for the service provider' as long as the service provider can show that: (1) it has neither actual knowledge that its system contains infringing materials nor an awareness of facts or circumstances from which infringement is apparent, or it has expeditiously removed or disabled access to infringing material upon obtaining actual knowledge of infringement; (2) it receives no financial benefit directly attributable to infringing activity; *and* (3) it responded expeditiously to remove or disable access to material claimed to be infringing after receiving from the copyright holder a notification conforming with requirements of § 512(c)(3). *Id.* § 512(c)(1). Thus, to qualify for this safe harbor protection, the Internet service provider must demonstrate that it has met all three of the safe harbor requirements, and a showing under the first prong — the lack of actual or

---

[1] Per the Court's recommendation on Sec. 8.2(vii) and Sec. 8.3(v), I have verified that the case of ALS v. RemarQ has indeed been cited by a case as recently as this year. See Canvasfish.com v. Pixels.com, 1:23-cv-611, 21 (W.D. Mich. Mar. 1, 2024). So it has almost certainly not been overruled.

constructive knowledge — is prior to and separate from the showings that must be made under the second and third prongs."

11. This case law (which is binding precedent in this district and therefore supersedes Greer v. Moon) makes clear that "all three" of the requirements listed above must be satisfied in order to obtain safe harbor. Notice how, in that case law, it says nothing of encouragement, meaning that encouragement isn't even a factor for contributory liability in the Fourth Circuit!

12. If the Defendants fail to meet even one of the above three requirements, they lose their safe harbor, with or without encouragement. Since it is undisputed that the Defendants fail to meet, at least, the third requirement (and most likely the first one too), there is no safe harbor defense to be raised.

13. So because both fair use and safe harbor are not grounds for sua sponte dismissal, and because "[n]o other defenses are worth even nominally considering" (Dkt. 2, ¶ 94), there is no good reason for the Court to throw the case out on a § 1915(e) review. At best, the Defendants will have to file a Motion to Dismiss if they want the case thrown out on the pleadings.

**I filed in this Court because personal jurisdiction is unequivocally proper in this court.**

14. In a strained attempt to portray this case as frivolous, they ask why I filed in this district ... the district where defendant Lolcow LLC is headquartered. They write that "One might naturally query why the Plaintiff elected to sue in West Virginia," even though it is not "natural" to query that at all. They further speculate that "the Plaintiff appears to have filed suit in West Virginia specifically to evade the pre-filing requirements to which he would have been subject in the above jurisdictions." Note that this is the one, sole grounds for dismissal that the Defendants state with specificity in their entire motion.

15. I filed in this District because it is objectively, unequivocally, undeniably, and unambiguously the proper court to file in. One of the Defendants in this case – Lolcow LLC – has its principle place of business in South Charleston, West Virginia. See Dkt. 2, ¶ 2. Therefore, proper venue and personal jurisdiction are proper in the United States District Court for the Southern District of West Virginia. It's as simple as that.

16. The Defendants believe that I should have filed this lawsuit in my home state[2]. However, tellingly, they offer precisely zero reasons why my home state would have personal jurisdiction. After all, personal jurisdiction is not automatically established simply because it is where the Plaintiff resides. It is presumed proper in the district where any of the *Defendants* resides, but certainly not the Plaintiff. So why is personal jurisdiction objectively better in Arkansas than in West Virginia? The motion never explains.

17. In fact, the Defendants even argued and prevailed on this very legal theory in a recent case! Only a few short years ago, defendant Joshua Moon – represented by this very attorney – in the aforementioned case of Greer v. Moon, convinced the District Court to find a lack of personal

---

2 The Defendants also imply that concurrent jurisdiction in California because "the gravamen of the Complaint appears to be a video that was posted to YouTube." That claim, however, is ludicrous on its face. The gravamen of the Complaint is not the fact that I, of my own volition, posted my original video to YouTube. The gravamen is that it was *reposted* without my authorization *on Kiwi Farms*.

Page 3 of 6

jurisdiction, finding the following:

> "As to personal jurisdiction, Defendants have established that the Northern District of Florida has jurisdiction over them because Mr. Moon is domiciled in the Northern District of Florida. Whether the Northern District of Florida has personal jurisdiction over Kiwi Farms is not relevant here because Kiwi Farms is a website and, therefore, is not a legal entity capable of being sued."
>
> See `https://law.justia.com/cases/federal/district-courts/florida/flndce/3:2024cv00122/524616/97/` (Page 6).

18.     In the instant case, unlike Greer, I correctly identified the correct entity as a co-defendant (Lolcow LLC instead of "Kiwi Farms, a webiste"). As such, the place of domicile for that co-defendant actually matters this time. Therefore, the Southern District of West Virginia has concurrent jurisdiction over the Defendants, alongside the Northern District of Florida.

19.     This case is especially damning in the instant case because it proves that the Defendants know full well how personal jurisdiction works, and yet, they made the conscious choice to argue this baffling theory of proper forum anyway. Such tactics (where a party successfully prevails in court on one theory and then proceeds to argue the complete opposite theory in a different case) has been found to be tortuous behavior in the past. See Universal City Studios, Inc. v. Nintendo Co., Ltd., 797 F. 2d 70 (2nd Cir. 1986) (affirming liability for tortuous interference and unjust enrichment when Universal sued Nintendo for allegedly infringing on its King Kong trademark when it knew from *its own previous court victory* that King Kong was in the public domain).

20.     In the instant case, it's even worse than in Universal, since (A) the previous court victory was only a few days[3] ago, not a few decades, and (B) the Defendants' claim that personal jurisdiction is proper in the district of the *Plaintiff's* domicile is already a patently frivolous legal theory to begin with.

21.     Indeed, it is telling that the Defendants, even in their own motion, never actually make a concerted effort to argue that jurisdiction is per se improper in this Court. It is telling that they instead try to allege (with absolutely no proof) that I somehow have some kind of ulterior motive for not filing in my home state (to avoid filing restrictions in that district), and the fact that this Court is objectively the correct court to file with is entirely incidental to my choice of forum. Of course, even if that could somehow be proven (which they have not even attempted to do), that doesn't change the fact that personal jurisdiction is objectively valid in this court, regardless of my personal, subjective motive.

22.     Rather, it seems that the Defendants are merely attempted to tie my supposedly bizarre choice of forum (that isn't the least bit bizarre) with the years-old, entirely-unrelated declarations from my home court. This leads me to my final point of opposition.

**I oppose giving the Defendants leave to supplement the record, as it is likely done simply to confuse and stir up resentment against me for its own sake, which is inadmissible under the Federal Rules of Evidence.**

---

3   The order mentioned in ¶ 17 above was entered on March 20, 2024, one mere week before the very same defendants, represented by the exact same counsel, filed the complete opposite argument in the instant case.

23. The Defendants seek leave to "supplement the record," to show the Court the previous declarations in previous courts. But what exactly do they expect to gain from doing so? As I explained above, that alone does not mean that the case should be summarily dismissed, not without a standalone finding that the Complaint is "clearly baseless," which the Defendants have not even attempted to show.

24. Even if the Court were to declare me a vexatious litigant in this district, right here right now (even though I haven't done anything wrong in this district yet), it still would not adversely affect my ability to bring the instant case, owing to the simple fact that the instant case has already been filed. It's just like how Cases 3:22-cv-04082-AGT (Stebbins v. CMDR ImperialSalt) and 4:23-cv-00321-DMR (Stebbins v. SidAlpha) in the Northern District of California have not been affected by Judge Trina Thompson's order, since they were already filed before that order was entered.

25. It honestly seems that the Defendants are only seeking to introduce this information for the sole purpose of confusing the issues and making the judge dislike me. Since it does not appear to tie into anything related to the merits of the case, and they have not offered any other reason why this supplementing of the record is warranted, that seems to be the most likely explanation.

26. That, however, renders the evidence flagrantly inadmissible under a whole slew of Federal Rules of Evidence, including Rule 403, 404, and even 401.

27. Under the latter rule, evidence is considered "relevant" if it (A) makes a fact more or less probable than it would be without the evidence, and (B) that fact is of consequence to determining the action. Here, what does my previous court declarations prove? That I did some regrettable things in the past? Ok, sure. But how is that "of consequence" in adjudicating the instant case? Put simply, it isn't, at least not without something more to show the instant case is lacking in merit, which the Defendants have utterly failed to provide.

28. Even if it is nominally relevant, it would still be inadmissible under FRE 403, since, as I explained above, it only really serves to stir up resentment against me for its own sake. The Defendants know they have no case for fair use, no case for safe harbor, no defense for anything. So the best they can hope for is to engage in mudslinging tactics rather than address the merits of the case. This is precisely the sort of thing that FRE 403 was designed for.

29. If the Defendants wish to turn this entire case into a mudslinging contest, they should be weary if that is the hill they want to die on. They are in a glass house in this regard, and so should not throw stones. If they want to engage in mudslinging, then I objectively have exponentially more ammunition against them than they have against me, for reasons I already explained in ¶¶ 6-9 of the Complaint.

30. Have I done some things in the past I regret? Things I wish I had done differently? Things that I did because I was young and stupid? Sure. Who hasn't done stuff like that when they were that age? But for all the things I may or may not have done, you can't legitimately say that *people are dead* because of me, like you can say about the Defendants and their demented "Kiwi Kill Count" (see Dkt. 2, ¶ 8). I am still allowed to use all major payment outlets, such as

Visa, Mastercard, Patreon, Paypal, and GoFundMe, whereas the Defendants are not[4]. My previous regrettable actions have not lead me to being blacklisted by literally every employer, whereas Joshua Moons' actions in connection with this website have[5]. Kiwi Farms (and, by extension, Josh Moon and Lolcow LLC) has lead to countless innocent victims being swatted, harassed, doxxed, cyberstalked, and having severe emotional distress inflicted upon them, the kind that no person should ever be made to endure, not as punishment for a crime, but simply for the sadistic amusement of the site's psychotic userbase. They are forced to use the domain ".st" instead of .net or .com, a domain associated with the country of São Tomé and Príncipe (an obscure island country off the coast of Africa that nobody's ever heard of) because literally no domain host in the entire developed world wants anything to do with them. The only reason the site has lasted as long as it has is by hiding behind § 230, which is a total perversion of what that statute was designed for. Now that § 230 does not protect them in this case[6], this Court finally has a chance to take all of these absolutely heinous checks that the Defendants have been writing for the past decade and cash them in all at once, and the Court absolutely should do so.

31. Whatever I may or may not have done in the past, it doesn't hold a candle to the demented – even *homicidal* – things that the Defendants are known for. So if they want to turn this into a mudslinging contest, they'd better be ready to take it as well as dish it out.

### Conclusion

32. In conclusion, the Defendants entire litigation strategy begins and ends with the argument that, because I was declared a vexatious litigant in the past, the actual merits of the instant case suddenly don't matter at all. Even if the exact same lawsuit, with the exact same set of facts, filed by any other plaintiff, would pass with flying colors, the mere fact that I did the one thing many years ago means I should have the courthouse doors summarily closed to me in their entirety, SOLELY for that one reason alone! The reason they rely on this is obvious: They know they can't possibly win the case on the merits (fair use, safe harbor, etc.), so they have to resort to stirring up resentment against me for its own sake and hope the judge comes up with his own reasons to throw the case out. But that is not a valid litigation strategy.

33. Wherefore, premises considered, I respectfully request that the Motion for Leave to Supplement the Record be denied. So requested on this, the 28th day of March, 2024.

David Stebbins (pro se)
123 W. Ridge Ave., APT D
Harrison, AR 72601

---

4 See https://kiwifarms.st/threads/supporting-the-forum.27022/ ("I cannot use traditional payment processors like PayPal, Stripe, Braintree, Patreon, et cetera").
5 See https://kiwifarms.st/threads/supporting-the-forum.27022/ ("I am unemployable because of reputational damage done in association with the site; if I could work a regular job doing IT I would and I have tried").
6 See 42 USC § 230(e)(2).