FILED
APR - 2 2024
U.S. District Court
Southern District of West Virginia

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF WEST VIRGINIA

DAVID STEBBINS,                                                      PLAINTIFF

VS.                                       2:24-cv-00140

JOSHUA MOON AND LOLCOW, LLC                                  DEFENDANTS

### REPLY TO [7] ANSWER TO [3] MOTION FOR CM/ECF ACCESS

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Reply to the Defendants' Answer to Motion for CM/ECF Access.

1.      Once again, just like with their Motion for Leave to Supplement the Record, the Defendants are falling back on the one thing they have that they can latch onto to hopefully get the case thrown out. They latch onto the fact that, because an unrelated court, in an unrelated case, considers me vexatious (a judgment which I have every intention of appealing), then I should not be entitled to anything, ever, even if the case is a perfectly meritorious case if it were filed by any other plaintiff. Of course, that is a patently absurd notion and should be summarily rejected accordingly.

2.      The Defendants purportedly offer this as evidence that I do not, in fact, have experience filing with ECF. But the evidence he presents does not actually prove that. You will notice that at no point in the order that they attach does the judge ever make a single reference to me having ECF access in that district. While the judge has made it clear she personally does not like me, the fact that I was granted ECF access in that district is not one of the reasons why. The argument that I actually presented in the motion – that my experience in filing with ECF means I *know how to do it*, regardless of the frivolousness or lack thereof of the arguments that I put before the Court, electronically or otherwise, is still a valid argument.

3.      Even after those filing restrictions were put in place, I still have ECF access in these cases after they have been screened by the sitting judge, as I explain in ¶ 6 of my Opposition to their Motion to Supplement the Record.

4.      Furthermore, the Defendant does not even *attempt* to rebut the other two arguments I gave for why I should be given CM/ECF access: the tedium and inconvenience of filing by mail and the fact that it should be litigated in cyberspace because the gravamen happened in cyberspace. Two thirds of the reasons I gave remain uncontested.

5.      For all of these reasons and more, the Defendants' opposition to my motion is frivolous.

6.      Whherefore, premises considered, I respectfully pray that the Motion for CM/ECF Access be granted.

David Stebbins (pro se)
123 W. Ridge Ave., APT D
Harrison, AR 72601

Page 1 of 1