UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

David Stebbins,

                         Plaintiff,

v.                                              **Case No. 2:24-cv-00140**

Joshua Moon, *et al*.,

                         Defendants.

REPLY IN FURTHER SUPPORT
OF MOTION FOR SCREENING OF IN FORMA PAUPERIS COMPLAINT

NOW COME the Defendants, by and through their undersigned counsel, and file this Reply in Further Support of their Motion for Screening of the In Forma Pauperis Complaint. ECF No. 6. In Reply, the Defendants state as follows:

1.      The Plaintiff makes arguments to this Court that were specifically rejected by the other courts that declared him a vexatious litigant a decade ago, which decisions were upheld on appeal. Specifically, Mr. Stebbins repeats arguments in this case in 2024 that were rejected by both the U.S. District Court for the Western District of Arkansas and the Eighth Circuit Court of Appeals in 2013 and 2014:

> Mr. Stebbins argues that the frivolity of each individual case must be considered before it can be dismissed as frivolous—that the Court cannot rely solely on Mr. Stebbins's history of abusive or frivolous filings in denying him *in forma pauperis* status. The Court disagrees.

*Stebbins v. Stebbins*, No. 3:12-CV-03130, 2013 U.S. Dist. LEXIS 93528, at *4 (W.D. Ark. July 3, 2013), upheld at 575 F. App'x 705 (8th Cir. 2014).

2.      Indeed, another Court has specifically found that the exact conduct by Mr.

1

Stebbins that is at issue in his Complaint in West Virginia is abusive. *Stebbins v. Emily Rebolo*, No. 22-cv-00546-JSW, 2022 U.S. Dist. LEXIS 121844, at *7 (N.D. Cal. July 11, 2022) ("Plaintiff's attempt to manufacture and pursue ultimately meritless copyright infringement claims in an effort to silence online criticism smacks of bad faith and abuse of the Court system.").

3.      At least one other court that allowed Mr. Stebbins to pass the screening process later expressed regret that it did so based upon inaccurate information and the benefit of the doubt given to a Plaintiff whose representations later proved untrustworthy. *Stebbins v. Polano*, No. 21-cv-04184-JSW, 2022 U.S. Dist. LEXIS 121919, at *11 (N.D. Cal. July 11, 2022) ("at the time the Court screened the complaint, it was not aware that Plaintiff's registration was based on an inaccurate application.").

4.      It is well established that courts have a "clear obligation" to exercise their authority to protect litigants from harassing, abusive, and meritless litigation, *In re Tyler*, 839 F.2d 1290, 1290-91, 1290-95 (8th Cir. 1988), and that "[a] party may not evade vexatious litigant orders through subterfuge." *Woodhouse v. United States Gov't,* No. 2:21-cv-06372-SB, 2021 U.S. Dist. LEXIS 249934, at *18 (C.D. Cal. Nov. 24, 2021) (collecting cases).

5.      When faced with a vexatious litigant who continually files in new *fora* to escape unfavorable pre-filing requirements in other courts, one option this Court has is to take judicial notice of the vexatious litigant's orders from other courts and enforce them in West Virginia. *Greene v. Pac. Shore Prop. Mgmt*., No. 3:20-CV-553-D (BT), 2020 U.S. Dist. LEXIS 115132, at *4-5 (N.D. Tex. June 9, 2020) ("Because Greene persists in filing frivolous and vexatious lawsuits, the Court should honor the sanction previously imposed against him in the Districts of

Central California, Colorado, and Kansas.").[1] If this Court chooses to do so, it should therefore

subject Mr. Stebbins to pre-filing review using the same screening criteria previously imposed

against him by sister courts, to include the filing of a bond and all other requirements detailed in

*Stebbins v. Stebbins*, No. 3:12-CV-03130, 2013 U.S. Dist. LEXIS 93528 (W.D. Ark. July 3,

2013) and *Stebbins v. Google LLC*, No. 23-cv-00322-TLT, 2023 U.S. Dist. LEXIS 169937, at

*30 (N.D. Cal. Aug. 30, 2023).

      6.      Another option this Court might elect to employ would be to transfer this case to

one of the courts that has already declared Mr. Stebbins a vexatious litigant so that those Courts

can determine in the first instance whether Mr. Stebbins has complied with their orders or

attempted to evade them. *Emrit v. Bd. of Immigration Appeals*, No. 2:22-CV-00110, 2022 U.S.

Dist. LEXIS 151534, at *4 (S.D. W. Va. Mar. 30, 2022) (involving the court's power to transfer

*sua sponte*), cf. *Woodhouse v. United States Gov't*, No. 2:22-cv-00079-RGK, 2022 U.S. Dist.

LEXIS 74315, at *3 n.5 (C.D. Cal. Apr. 22, 2022) (noting that one judge may elect to transfer a

case to another judge for a determination of whether a vexatious litigant is violating an order

issued by that judge).[2] It is well-established that a Court that has declared a litigant to be

vexatious has the power to supervise that litigant's conduct in the future, notwithstanding that

the litigant might choose to file suits in other courts in an attempt to evade pre-filing

requirements. *Dydzak v. Cantil-Sakauye*, No. 2:22-cv-01008-APG-VCF, 2023 U.S. Dist.

LEXIS 68766, at *6 (D. Nev. Apr. 17, 2023) ("although [Plaintiff] filed this lawsuit in Nevada

state court, he did not seek pre-filing authorization and should not be able to evade the

---

[1] See also *Greene v. Office of the Comptroller of the Currency*, No. 1:20-cv-776, 2020 U.S. Dist. LEXIS 207842, at *12 (S.D. Ohio Oct. 7, 2020) (declaring Mr. Greene a vexatious litigant in Ohio based on the order of the Texas court and multiple others).

[2] Assuming Mr. Stebbins is able to comply with the orders designating him a vexatious litigant and passes screening, the matter can then be transferred back to this Court for adjudication pursuant to 28 U.S.C. §1404.

vexatious litigant orders by awaiting the inevitable removal of the action…").

WHEREFORE, Defendants respectfully submit that there is good cause to believe that

this matter is frivolous or that it is malicious, that it was filed in West Virginia in an attempt to

evade the orders of other U.S. District Courts, and that this Court should take measures to screen

the Complaint and protect the Defendants from the conduct of a vexatious litigant.[3]

Respectfully submitted this the 2nd day of April, 2024,

/s/ Mark Heath
Mark Heath, W. Va. Bar No. 5815
Spilman, Thomas & Battle, PLLC
P.O. Box 273
Charleston, WV 25321-0273
Phone: 304-340-3843
Fax: 304-340-3801
Email: mheath@spilmanlaw.com

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

---

[3] Defendants respectfully submit that insofar as the Plaintiff appears to seek to litigate this case "in cyberspace" rather than in the Southern District of West Virginia, ECF No. 9, ¶ 4, this Court might also chose to hold an in person evidentiary hearing to test the veracity of his claims and to establish any basis for believing they were filed in good faith. *Green v. Prince George's Cnty. Office of Child Support*, 641 B.R. 820, 825 (D. Md. 2022) (Plaintiff ordered to show cause in writing, but offered opportunity to appear in person at a hearing and to present testimony and cross-examine witnesses).

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing motion was filed via CM/ECF

this 2nd day of April, 2024, and that I also deposited a true and correct copy of the same into the

U.S. Mail, with First Class Postage prepaid, addressed to:

> David Stebbins
> 123 West Ridge Ave, Apt. D
> Harrison, Arkansas 72601

> /s/ Mark Heath_____
> Mark Heath, W. Va. Bar No. 5815