UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**DAVID STEBBINS,**

    **Plaintiff,**

v.                                              **CASE NO. 2:24-cv-00140**

**JOSHUA MOON and LOLCOW, LLC**

    **Defendants.**

### DEFENDANTS' MOTION FOR A HEARING
### REGARDING PLAINTIFF'S FINANCIAL STATUS

NOW COME the Defendants, by and through undersigned counsel, and file this Motion for a Hearing Regarding the Plaintiffs' Financial Status. In support of this Motion, Defendants state as follows:

1. The Plaintiff seeks to proceed *in forma pauperis* in this Court. ECF No. 1.[1]

2. If this Court determines "at any time" that the allegation of poverty made in an *in forma pauperis* application is "untrue," then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A) (emphasis added). A dismissal on this basis is mandatory and not discretionary. *Castillo v. Blanco*, 330 F. App'x 463, 466 (5th Cir. 2009) (unpublished); *In re Sekendur*, 144 F. App'x 553, 554-55 (7th Cir. 2005) (unpublished); *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002); *Mathis v. N.Y. Life Ins. Co.*, 133 F.3d 546, 547 (7th Cir. 1998); *Staten v. Tekelec*, Nos. 5:09-CV-434-FL, 5:10-CV-180-FL, 2011 U.S. Dist. LEXIS 61877, 2011 WL 2358221, at *1 (E.D.N.C. June 9, 2011); *Berry v. Locke*, No. 1:08cv697, 2009 U.S. Dist.

---

[1] For ease of reference, and because the relevant case captions often bear similarities, Defendants will refer to Mr. Stebbins filings in this Court by the "ECF No.," and will refer to filings by Mr. Stebbins in other U.S. District Courts by "Dkt. No."

LEXIS 47196, 2009 WL 1587315, at *5 (E.D. Va. June 5, 2009), appeal dismissed at 357 F. App'x 513 (4th Cir. 2009) (unpublished); *Oquendo v. Geren*, 594 F. Supp. 2d 9, 11 (D.D.C. 2009). Even subsequent payment of the full filing fee does not relieve a court of its obligations under 28 U.S.C. § 1915, *Lindell v. Jess*, No. 18-cv-1021-slc, 2021 U.S. Dist. LEXIS 77512, at *6 (W.D. Wis. Apr. 22, 2021) (involving *in forma pauperis* review for "three strikes status"), although at least one Court has held that subsequent payment of fees does empower the Court with the discretion to proceed with a case rather than dismiss it in exceptional circumstances. *Isby v. Brown*, 856 F.3d 508, 520 (7th Cir. 2017) (same).

3. Mr. Stebbins filed an *in forma pauperis* application with this Court at ECF No. 1. He alleged therein that his sole sources of income were government benefits in the amount of $943 per month, and self-employment income in the average amount of $47.65 per month. Mr. Stebbins has $223 in cash on hand, but states that he has "no noteworthy assets" and monthly fixed expenses of $495 per month, with $40,000 in debt. *Id*. His *in forma pauperis* application in this Court appears to be almost verbatim to an *in forma pauperis application* he filed in another U.S. District Court on March 28, 2024[2] in *Stebbins v Google LLC*, Case No. 3:23-cv-322 (N.D. Cal.), Dkt. No. 89 which was recently denied on April 1, 2024. *Id*. at Dkt. No. 91.

4. Notwithstanding his ostensible poverty, Mr. Stebbins also alleges in this Court at ECF No. 2, ¶ 18, that he has enough money to hire composers of international renown. And Mr. Stebbins alleges at ¶ 23 of his Complaint that he also has sufficient funds to hire private attorneys

---

[2] Notwithstanding that it was filed on March 28, 2024, Mr. Stebbins signed the relevant *in forma pauperis* application under penalty of perjury on March 29, 2024. Mr. Stebbins' mistaken dates may not be inadvertent. As Google pointed out in the California case at Dkt. No. 79, Mr. Stebbins' representations as to the dates on which he complied or failed to comply with various orders of the California court appear to have been manufactured out of wholecloth, and there appears to be reason to believe certain digital evidence submitted by Mr. Stebbins is either altered or otherwise inaccurate. The California Court has taken Google's motion for sanctions against Mr. Stebbins under advisement, after Mr. Stebbins repeatedly advised he would not appear before the California Court for the in person hearing that it had scheduled and the Court rejected Mr. Stebbins' demand for a hearing via electronic means. Dkt. No. 84.

to protect his copyrights and his contractual rights with his preferred musical composers. At ¶ 29 of his Complaint, Mr. Stebbins alleges that the Defendants violated six registered copyrights owned by the Plaintiff. According to the U.S. Copyright Office, copyright registration fees range from $45 to $125 per application.[3] There is no waiver of such fees due to indigency, and Plaintiff therefore appears to confess he has the ability to pay numerous filing fees to the U.S. Copyright office, even as he simultaneously claims to be unable to pay *any* filing fees to this Court.[4]

5. Perhaps most damning for Mr. Stebbins and his status as an alleged indigent, as recently as 2021, he expressed to another U.S. District Court in another copyright case that he was willing to pay for a private process server to effect service in Europe, at a rate of at least $795. *Stebbins v. Polano*, No. 21-cv-04184-JSW, 2021 U.S. Dist. LEXIS 170625, at *5 (N.D. Cal. Sep. 9, 2021). And in 2015, when an Arkansas court ordered Mr. Stebbins to pay a $200 bond due to his status as a vexatious litigant, Mr. Stebbins expressed that he was financially able to do so in installments. *Stebbins v. Hannah et al*., Case No. 4:15-cv-00436 (E.D. Ark. 2015) at Dkt. No. 9.

6. At ECF No. 9, ¶1, Mr. Stebbins requested this Court pay no heed to a decision in California designating him as a vexatious litigant, and the Plaintiff indicated that he intends to appeal that ruling. Since the date Mr. Stebbins filed his response to a separate defense motion at ECF No. 9,[5] he has indeed noted an appeal in California, as he indicated he would.[6] However, the Ninth Circuit Court of Appeals almost immediately referred the matter back to the U.S.

---

[3] U.S. Copyright Office, *Fees*, available at https://www.copyright.gov/about/fees.html (last accessed April 3, 2024).

[4] It appears that Mr. Stebbins intentionally copyrights multiple portions or segments of a single video rather than the entirety of a video in an effort to inflate statutory damages, ECF No. 2 at ¶ 29, although this also necessarily also increases Mr. Stebbins' own exposure to copyright registration fees.

[5] The document was received by the Court on April 2, 2024, but it is not known when it was signed or mailed. No certificate of service is attached. Undersigned counsel received notice upon its filing via ECF, and have not yet received any copy by mail.

[6] The Notice of Appeal in California was dated March 28, 2024. *Stebbins v. Google*, Case No. 3:23-cv-322, Dkt. No. 88 (N.D. Cal.).

District Court for the Northern District of California to consider whether Mr. Stebbins' appeal was undertaken in bad faith, and whether Mr. Stebbins' *in forma pauperis status* ought to be revoked. The relevant order of the Ninth Circuit Court of Appeals with reference to Mr. Stebbins' *in forma pauperis* status and the question of whether his appeal in that Circuit is frivolous or in bad faith is attached hereto as Exhibit A.

5. In light of the many applications to proceed *in forma pauperis* in this and many other courts which Mr. Stebbins has filed, along with the conflicting representations as to his financial status which he has made in California (here he professed the ability to pay for international private process servers), Arkansas (where he expressed the ability to pay a bond in installments), at the U.S. Copyright Office (where he has paid filing fees in full), and in this Court (where he seeks a waiver of all fees in their entirety), Defendants submit that this Court should either deny the application to proceed without payment of costs outright, or alternatively should hold an evidentiary hearing, in person, at which testimony and other evidence as to Mr. Stebbins financial status can be taken. A hearing will offer Mr. Stebbins the opportunity to explain his history of *in forma pauperis* applications and to reconcile the narratives that he has told in regards to his financial status over the past decade or more. *Berry v. Locke*, No. 1:08cv697 (JCC), 2009 U.S. Dist. LEXIS 47196, at *10 (E.D. Va. June 5, 2009) (hearing held regarding discrepancies in in forma pauperis application)

WHEREFORE, Defendants request that this Court deny the application to proceed without payment of costs or hold an evidentiary hearing to make appropriate inquiries as to the Plaintiffs' financial status before this case proceeds.

Respectfully submitted this the 10th day of April, 2024,

/s/ Mark Heath
Mark Heath, W. Va. Bar No. 5815
Spilman, Thomas & Battle, PLLC
P.O. Box 273
Charleston, WV 25321-0273
Phone: 304-340-3843
Fax: 304-340-3801
Email: mheath@spilmanlaw.com

/s/ Matthew D. Hardin
Matthew D. Hardin, D.C. Bar No. 1032711
Hardin Law Office
1725 I Street NW, Suite 300
Washington, DC 20006
Phone: (202) 802-1948
Email: MatthewDHardin@protonmail.com

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**DAVID STEBBINS,**

      **Plaintiff,**

**v.**                                                  **CASE NO. 2:24-cv-00140**

**JOSHUA MOON and LOLCOW, LLC**

      **Defendants.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the "**Defendants' Motion for a Hearing Regarding Plaintiff's Financial Status**" was filed via CM/ECF this 10th day of April, 2024, and that I also deposited a true and correct copy of the same into the U.S. Certified Mail, postage prepaid and addressed to:

        David Stebbins
        123 West Ridge Ave, Apt. D
        Harrison, Arkansas 72601

                                                      /s/ Mark Heath
                                                      Mark Heath, W. Va. Bar No. 5815