IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DAVID STEBBINS,

    Plaintiff,

v.                                                    CIVIL ACTION NO. 2:24-cv-140

JOSHUA MOON and
LOLCOW LLC,

    Defendants.

## ORDER

This matter is before the Court on the "Motion for Screening of *In Forma Pauperis* Complaint and for Leave to Supplement the Record" [ECF No. 6], and "Motion for a Hearing Regarding Plaintiff's Financial Status" [ECF No. 11] filed by Defendants Joshua Moon ("Moon") and Lolcow LLC ("Lolcow"). For the reasons set forth herein, Defendants' motions are **DENIED**.

I.

Plaintiff David Stebbins ("Plaintiff" or "Mr. Stebbins") filed his Complaint against Moon and Lolcow (together, "Defendants") in this civil action on March 21, 2024. [ECF No. 2]. Contemporaneously, Mr. Stebbins submitted an Application to Proceed Without Prepayment of Fees or Costs in this matter due to indigence. [ECF No. 1].[1] Less than one

---

[1] Additionally, Mr. Stebbins filed a "Motion for CM/ECF Access" [ECF No. 3], which remains under submission before the undersigned in this matter.

week later on March 27, 2024—prior to the Court's adjudication of Mr. Stebbins's *IFP* application—counsel for the Defendants entered an appearance and filed the subject Motion for Screening of *In Forma Pauperis* Complaint and for Leave to Supplement the Record. [ECF Nos. 5; 6]. In their subject motion, Defendants request "that this Court screen the Complaint . . . pursuant to 28 U.S.C. § 1915(e), and to grant leave for the Defendants to supplement the record for purposes of such screening, prior to the issuance of any summons and before responsive pleadings become due in the ordinary course." [ECF No. 5 at 1]. In support of their motion, Defendants cite judicial decisions from various civil actions involving Mr. Stebbins, characterize the findings therein in somewhat inflammatory terms, and speculate regarding Stebbins's motivations for bringing the instant action in the Southern District of West Virginia. [*See, e.g.*, ECF No. 6 at 1 (citing *Stebbins v. Stebbins*, 575 Fed. App'x 705 (8th Cir. 2014))]. The motion drew an equally-inflammatory return volley from Mr. Stebbins in his April 2, 2024 response brief. [ECF No. 8]. With the filing of Defendants' reply on the same date [ECF No. 10]—in which the Defendants improperly raise new arguments[2]—the motion is now ripe for review.

    Next on April 10, 2024, Defendants filed their Motion for a Hearing. [ECF No. 11]. Again challenging Mr. Stebbins's *IFP* application, Defendants cite to litigation involving Mr. Stebbins from other federal district courts and rely on certain representations and findings therein to question the veracity of Mr. Stebbins's representations regarding his indigent financial status. *See generally id.* Although Mr. Stebbins has not had a chance to respond, the Court is sufficiently informed to take up the motion without further briefing.

---

[2] *See Hunt v. Nuth*, 57 F.3d 1327, 1338 (4th Cir. 1995) (explaining that "courts generally will not address new arguments raised in a reply brief because it would be unfair").

2

II.

First, Defendants' Motion for Screening and for Leave to Supplement must be denied. As Mr. Stebbins aptly notes in his response brief, the Court is already in the process of reviewing the Complaint in accordance with 28 U.S.C. § 1915(e). [*See* ECF No. 8 at 1 ¶ 2]. This federal statute calls for the Court to screen complaints filed by plaintiffs who—like Mr. Stebbins in the matter *sub judice*—seek to proceed *in forma pauperis* ("IFP"). 28 U.S.C. § 1915. On preliminary screening, the Court's role is to determine whether the action must be dismissed for, among other reasons, failing to state a plausible claim for relief, or asserting a frivolous/malicious claim. 28 U.S.C. § 1915(e)(2). *See also Randolph v. U.S. Dep't of Just. Identity Theft Task Force*, 16-cv-36, 2016 WL 112545, at *1 (D. Md. Jan. 8, 2016), *aff'd*, 643 Fed. App'x 250 (4th Cir. 2016). Generally, a federal district court's initial screening under § 1915(e)(2) should occur at the commencement of the action, at the time the *in forma pauperis* application is considered. *Nietzke v. Williams*, 490 U.S. 319, 324-328 (1989). *See also* Michael Zachary, DISMISSAL OF FEDERAL ACTIONS AND APPEALS UNDER 28 U.S.C. §§ 1915(e)(2), 43 N.Y.L. SCH. L. REV. 975 (1999-2000) (explaining that the complaint is subject to § 1915(e)(2) review "[t]he moment the complaint is filed"). Simply put, because the Court is already engaged in this process, Defendants' request that the Court "screen the Complaint . . . pursuant to 28 U.S.C. § 1915(e)" is moot. Defendants' request on this ground is therefore **DENIED**.

As to Defendants' request for "permission to supplement the record . . . for purposes of facilitating an appropriate screening," they do not expressly identify the substance of their proposed supplementation. [ECF No. 6 at 3]. It appears from the Court's review of the record, however, that Defendants merely wish to point out additional judicial decisions in civil actions involving Mr. Stebbins, or to otherwise characterize the

substance of those matters. *See generally id*. Because all of the civil actions cited by Defendants are matters of public record, their request is unnecessary. Further, in light of the inflammatory language employed by Defendants and Plaintiff's counter that he has "exponentially more ammunition" to return "[i]f the Defendants wish to turn this entire case into a mudslinging contest" [ECF No. 8 at 5], the Court finds it necessary to rein in further riposte in order to keep this matter on track and "secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Consequently, Defendants' request to supplement the record is likewise **DENIED**.

III.

Next, the undersigned turns to Defendants' Motion for a Hearing Regarding Plaintiff's Financial Status. [ECF No. 11]. Therein, Defendants again point to civil actions involving Mr. Stebbins from other jurisdictions and use inflammatory language to characterize his representation of indigence in the *IFP* application as untruthful. The Court has broad discretion as to the manner in which its proceedings are held, and hearings on motions are not mandatory, but rather permitted at the discretion of the Court. The Federal Rules of Civil Procedure, for instance, expressly permit the Court to adjudicate a motion without a hearing. Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). Likewise, the Court's Local Rules of Civil Procedure state that the Court "may require or permit hearings on motions," in the discretion of the judicial officer presiding over the motions. L.R. Civ. P. 78.1 (emphasis added). For the same reasons discussed *supra* with respect to Defendants' Motion for Screening and for Leave to Supplement, the undersigned **FINDS** that Defendants' request for "an evidentiary hearing to make

4

appropriate inquiries as to the Plaintiffs' financial status" would only serve to multiply and delay proceedings, draw this matter off course, and tax the Court's limited resources. Consequently, Defendants' final motion must be **DENIED**.

IV.

In light of the foregoing, **IT IS ORDERED** that Defendants' "Motion for Screening of *In Forma Pauperis* Complaint and for Leave to Supplement the Record" [ECF No. 6] and "Motion for Hearing Regarding Plaintiff's Financial Status" [ECF No. 11] are each hereby **DENIED**, and this civil action is hereby temporarily **STAYED**, to be lifted by further order pending the undersigned's determination of Plaintiff's Application to Proceed without Prepayment of Fees or Costs [ECF No. 1].

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to counsel of record and to any unrepresented party.

ENTER: April 15, 2024

Dwane L. Tinsley
United States Magistrate Judge