FILED
APR 16 2024

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF WEST VIRGINIA

DAVID STEBBINS,          PLAINTIFF

VS.          2:24-cv-00140

JOSHUA MOON AND LOLCOW, LLC          DEFENDANTS

## RESPONSE IN PARTIAL SUPPORT AND PARTIAL OPPOSITION TO ECF 11, MOTION FOR A HEARING REGARDING PLAINTIFF'S FINANCIAL STATUS

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Response in Partial Support and Partial Opposition to ECF 11, Defendant's Motion for a Hearing Regarding my Financial Status.

**I do not object to a hearing, as long as I can submit my proof via ECF and appear via zoom for any oral arguments.**

1. First, let's get out of the way the one part of this motion I do not mind. I have no objections to the Defendants' proposed hearing, seeing as I have nothing to hide and am confident my name will be cleared if I am given my day in court. However, I humbly ask that the Court accommodate my presumed indigency (at least until it is disproven, which won't happen as long as I'm given a fair shake) and allow me to submit my evidence via ECF and to attend any oral arguments remotely via zoom.

2. The Defendant would benefit from the latter accommodation as well, since the Defense Counsel is located in the District of Columbia, meaning the travel expenses to attend an in-person haring would be just as large for me as it would be for him.

**I have not spent a small fortune on the compositions, contract, and registration, as the Defense suggests.**

3. In support of their claims that my alleged indigence is suspect, the Defendants point to numerous expenses I had incurred prior to the filing of this lawsuit, which they allege should have cost a lot of money. Because I allegedly could afford these expenses, they allege I should also be able to afford to pay a $400 filing fee to file this lawsuit.

4. First, I wish to point out that all of these expenses they mention occurred a solid year before filing this lawsuit. A lot can happen in that time, so it is already flimsy evidence at best that, just because I endured these costs *an entire year* before filing this suit somehow means I am not so indigent *right now* that I can afford to pay the $400 filing fee *right now*.

5. That said, many of these allegations are highly misinformed, if not outright false. Chief among them is the fact that the composer I hired was not "of international renown" like the Defendants claim. This, more than any other allegation made by the Defendant so far, is entirely pulled out of the Defendants' backsides. I never once said, or even implied, that composer Augustin Navarro was "of international renown," and for the Defendant to assume as much is, in a word, laughable, and the Defendants should be made to show cause why they felt it was nonfrivolous to include that distinction.

6.     In fact, I only paid him $50 to compose all ten songs for me. That's $5 per song. Meanwhile, when I hired the lawyer to draft the contract transferring copyright ownership to me, I only paid $30 for that service. That's $80 in total, and for what it's worth, I did not pay those expenses in cash. I paid for them using Fiverr credit. That credit could not be spent anywhere else except on the Fiverr website, and it certainly cannot be used to pay a federal district court filing fee any more so than the value of an Amazon gift card could.

7.     Proof of the facts in ¶ 6 above will be forthcoming just as soon as I am granted ECF access. Alternatively, I invite the Court to view Dkt. 12 in Case 3:24-cv-00398-LJC (Stebbins v. Baz). I already have ECF access in that district, so I provided much of the same evidence in that filing as I plan to submit here. So the Court can simply look at that filing to see the evidence that I managed to get these services for very cheap.

8.     This means that the registration fee with the US Copyright Office is the only relevant expense I have endured that was paid for with currency that could have conceivably gone towards paying a $400 federal district court filing fee. For what it's worth, that filing fee was only $85, as I explained in the Complaint, ¶ 101, because I registered 10 unpublished[1] works. Again, proof will be forthcoming once I am granted ECF access (or look at Dkt. 12 above). But even if that were not true, by the Defendants' own admission, the registration fees for the Copyright Office are never more than $125. That, however, is still far, far less than the $400 I would have to pay for a federal district court filing fee, so the fact that I endured that expense does not justify revoking my IFP status.

### The Defendant's arguments regarding me paying for international service of process in 2021 is barred by res judicata and collateral estoppel.

9.     The doctrines of res juridica and collateral estoppel bar relitigation of issues that were actually determined by another court. In the instant case, the Defendants allege that I am not actually impoverished in part because I was able to pay for international service of process a couple of years ago (not just one whole year ago, like with the copyright registrations above) in an entirely unrelated case.

10.     This matter was already addressed in that case, and it was disposed of in my favor. In **Dkt. 45** of that case, presiding Judge Jeffrey S. White ordered me to show cause why my IFP status should not be revoked for the exact same reason raised by the Defendants here. See **p. 3, line 9 through p. 4, line 7** of that order. I proceeded to show the requested cause; see **Dkt 53**. Satisfied with the response I gave, Judge White discharged the order to show cause and allowed me to keep my IFP status. See **Dkt. 54, p. 2, line 25 through p. 3, line 3**.

11.     Even if this Court vehemently disagrees with Judge White's decision, it has no authority to issue an order contrary to it because that's how res judicata and collateral estoppel work. Whether the Defendants like it or not, whether *this Court* likes it or not, my ability to bear those costs cannot be used to justify revoking my in forma pauperis status in the instant case, period.

---

[1] Even if the Court rules against me on the arguments contained in ¶¶ 31-36 of the Complaint, the songs were still unpublished at the time I registered them.

### Allegations of bad faith are redundant of those already presented to the Court and should be stricken accordingly

12.     Lastly, the Defendants ask the Court to consider whether my in forma pauperis status should be revoked on the grounds that I am proceeding in bad faith. This, however, seems entirely redundant of the arguments put forth in ECF 6. For this reason, the counter-arguments I provided in ECF 8 are hereby incorporated by reference. To the extent the Defendants are seeking to use this motion in order to make an unauthorized surreply to ECF 6, the Court should summarily strike it as "redundant" under Fed.R.Civ.P. 12(f).

### Conclusion

13.     Wherefore, premises considered, I respectfully pray that the Court hold a remote hearing over Zoom to adjudiate my financial status, but then proceed to declare that my allegations of poverty are not untrue, allow me to keep my in forma pauperis status, and admonish the Defendants for wasting everyone's time, as well as any other relief to which I may be entitled.

So requested on this, the 11th day of April, 2024.

/s/ David Stebbins
David Stebbins (pro se)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
acerthorn@yahoo.com