UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF WEST VIRGINIA

DAVID STEBBINS,     PLAINTIFF

VS.     2:24-cv-00140

JOSHUA MOON AND LOLCOW, LLC     DEFENDANTS

### EMERGENCY MOTION FOR EXPEDITED CONSIDERATION OF ECF 3 (MOTION FOR CM/ECF ACCESS) AND FOR STAY OF PROCEEDINGS OR IN THE ALTERNATIVE FOR PROTECTIVE ORDER

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following motion for expedited consideration of my Motion for ECF Access, and to order a stay of proceedings until that motion is disposed of.

1. The Defendants have now filed several motions in this case, all falling under a similar main theme: I should not be given my day in court for this act of copyright infringement simply because I'm considered an abusive filer. In their latest filing, they have asked the Court to deny my application for leave to proceed in forma pauperis for reasons that have nothing to do with the merits of the instant case. More importantly, they are not waiting for me to be given ECF access before demanding that I show proof thereof.

2. Some of these arguments merely repeat arguments previously raised in another motion. As a result, the Court should strike it under Rule 12(f) for being redundant.

3. If I am forced to provide proof in response to this motion without ECF access, I would have to send hundreds of pages of evidence through mail, which would bear massive costs, not to mention it would be slow and tedious, and would have a heightened likelihood of getting lost in the mail compared to ECF. Although it is not *impossible* for an ECF filing to get lost in transmission, it would at least be guaranteed to reach the Court, seeing as I would file it in the first instance on the Court's website. The only risk involved is the possibility that the Defendant would not receive an electronic notification. However, (A) it is astronomically less likely than an evelope getting lost or delayed by USPS, and (B) it's a risk that is already happening, since the Defense Counsel is already using CM/ECF to begin with.

4. In short, aside from pure spite, there is literally no good reason not to let me use ECF to bring my case. Then again, as I pointed out in ¶¶ 6-8 of the Complaint, "pure spite" is the Defendants' specialty.

5. It has become apparent that the Defendants are not going to stop filing these repetitive motions. As I demonstrated in ECF 8, there is no defense they could possibly put up regarding the merits of the case, so their only hope is to get my case thrown out summarily on some technicality. So they are bombarding me with filing after filing after filing, seeking to have my case thrown out or blocked by something ... literally anything ... other than the merits, and forcing me to endure the inconvenience of filing via snail mail (and all the stress that entails) in order to defend against these repetitive filings.

6. For all of these reasons and more, these numerous motions are likely being filed simply

to harass, cause unnecessary delay, or needlessly increase the costs of the litigation. Therefore, the defense should be sanctioned for making these filings in violation of Fed.R.Civ.P. 11(b)(1).

7.  To protect me from this war of attrition, I humbly ask the Court to do the following:

    (a)  Stay the case until my Motion for ECF Access is ruled on,

    (b)  Order the Defendant to not file any more motions until that motion is ruled on, and

    (c)  Consider, on an expedited schedule, my Motion for ECF Access.

So requested on this, the 11th day of April, 2024.

David Stebbins (pro se)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
acerthorn@yahoo.com