

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

in re DAVID STEBBINS, Petitioner ) Case 24-_____

## PETITION FOR WRIT OF MANDAMUS

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Petition for Writ of Mandamus in the above-styled action.

## TABLE OF CONTENTS

| Section | Page |
|---|---|
| I. TABLE OF CONTENTS | 1 |
| II. TABLE OF AUTHORITES | 1 |
| III. RELIEF SOUGHT | 2 |
| IV. ISSUES PRESENTED | 2 |
| V. FACTS OF THE CASE | 2 |
| VI. REASONS WHY THE WRITS SHOULD ISSUE | 4 |
|     1. Writ of Mandamus | 4 |
|     2. Lack of Availability of Other Remedies | 5 |
|     3. Prejudice I have suffered as a result of the delay | 5 |
| VII. CONCLUSION | 6 |

## TABLE OF AUTHORITIES

| Rules & Statutes | Page(s) |
|---|---|
| • 28 USC § 1915 | *passim* |
| • Canon 3(A)(5) of the Code of Conduct for United States Judges | 4 |

| Case Law | Page(s) |
|---|---|
| • In re City of Virginia Beach, 42 F. 3d 881 (4th Cir. 1994) | 4 |

## RELIEF SOUGHT

1.      I ask that District Judge Thomas Jonston and Magistrate Judge Dwane Tinsley be compelled to issue a ruling on my Application for Leave to Proceed In Forma Pauperis and my Motion for CM/ECF Access, as well as to issue a determination regarding the sufficiency of my Complaint pursuant to 28 USC § 1915(e), in Case 2:24-cv-00140 (Stebbins v. Moon) in the United States District Court for the Southern District of West Virginia.

## ISSUES PRESENTED

2.      Whether the district court has engaged in undue delay in ruling on my Application for Leave to Proceed In Forma Pauperis, my Motion for CM/ECF Access, and ruling on the sufficiency of my Complaint pursuant to 28 USC § 1915(e) by taking more than four months to rule on them.

## FACTS OF THE CASE

3.      On March 21, 2024, I filed a pro se lawsuit against two defendants. Joshua Moon and his company, Lolcow LLC, the latter of which is headquartered in South Charleston, WV, thereby creating presumed personal jurisdiction in the Southern District of West Vrignia. The Complaint alleged six (6) counts of copyright infringement that were posted on the defendants' website; Kiwi Farms. The Complaint was uploaded to Pacer as ECF 2. I also filed an Application for Leave to Proceed In Forma Pauperis (ECF 1) and a Motion for CM/ECF Access (ECF 3). Pursuant to the district court's local rules, the case was automatically assigned to District Judge Johnston and Magistrate Judge Tinsley (ECF 4).

4.      Almost immediately after the pro se lawsuit was filed, the defendants made a voluntary appearance attempting to smear me and seek to conflate and confuse the issues. Specifically, they filed a "Motion for Screening of In Forma Pauperis Complaint and for Leave to Supplement the Rercord" (ECF 6), requesting the District Court to review the Complaint for sufficiency pursuant to 28 USC § 1915(e), and also asking for the District Court to throw the case out as frivolous solely on account of the fact that I am subject to a lawsuit-filing restriction in my home state. Their logic was that this restriction automatically rendered the current lawsuit frivolous, even if that same exact lawsuit wouldn't be considered frivolous if filed by any other plaintiff under otherwise identical circumstances who didn't have such restrictions in his home state. Never once did the Defendants attempt to argue that the Complaint should be dismissed on the grounds that it was patently without merit on its own.

5.      This motion was highly inflammatory and clearly designed solely to stir up resentment against me, and to his credit, Magistrate Judge Tinsley immediately picked up on that. On April 15, 2024, Judge Tinsley issued an order denying the motion for screening (ECF 12), stating "[a]s Mr. Stebbins aptly notes in his response brief, the Court is already in the process of reviewing the Complaint in accordance with 28 U.S.C. § 1915(e)." He also admonished "the inflammatory language employed by Defendants" as well as their attempts "to multiply and delay proceedings, draw this matter off course, and tax the Court's limited resources." The district court acknowledged that I had said some mean things also, but he appears to concede that I merely

returned the energy I was given, as evidenced by how he described my response brief as "an equally inflammatory return volley," with "equally" and "return" being key words.

6. He ended the order by stating "this civil action is hereby temporarily **STAYED**, to be lifted by further order pending the undersigned's determination of Plaintiff's Application to Proceed without Prepayment of Fees or Costs."

7. I already had some filings in the mail en route to the district court by the time that order was published, and so they arrived and were filed on April 16, 2024, technically in violation of the stay, but I couldn't help it because I had already mailed them. See ECF 13 and ECF 14. They were promptly denied as moot by the magistrate judge, who then warned the parties that "any further motions or other requests for relief made prior to expiration of the stay are strongly disfavored, and may only be filed with prior leave of Court upon a showing of good cause" (ECF 15).

8. Because the matter has been stayed, nothing further has been filed in the case since then.

9. The first three documents (IFP Application, Complaint, and Motion for CM/ECF Access) have all been pending on the District Court's docket for over four months now, and have not received a ruling.

10. On August 2, 2024, I called the chambers for Judge Tinsley to inquire about why the case was taking so long. I recorded that call (which, because both West Virignia and my home state of Arkansas are both one-party consent states, I can do that), and you can listen to the call here:

`https://www.youtube.com/watch?v=uJV0n9xngRI`

11. Law Clerk Megan Davis took my call, but was unwilling to give me any tangible information regarding the prospects of when the case will be brought current. She suggested that I could request an oral argument. I told her I would be agreeable to that suggestion as long as I was granted leave to attend remotely, but explained that I did not believe I was allowed to file a motion for that, since the judge had ordered a stay in the case and the warning against future filings without leave of court.

12. She also heavily implied that the formal complaint I had filed against her a few months ago[1], as well as the resentment and bitterness she felt for me having filed it, was playing at least a partial role in her refusal to give me any tangible information, which, in my humble opinion, borders on (if not outright smacks of) First Amendment Retaliation.

13. As I said, I recorded that call, so the Court can listen for itself by going to the above url.

14. August 2, 2024 came and went, and no update to the case was ever made. I will put this Petition in the mail on Monday, August 5, 2024. If an update in the case happens in between me putting this Petition in the mail and it arriving at the Courthouse, please note that my failure to include it in this petition is justifiable. In any event, that is where we are now.

---

1 On April 3, 2024, I had submitted a formal complaint to Chief Judge Thomas E. Johnston through his law clerk Adam Wilson. The complaint mentioned how she was extremely rude and abrasive to me over the phone, even though I had done nothing to deserve this antagonism.

## REASONS WHY THE WRIT SHOULD ISSUE

15.     For the following reasons, the Court should issue this writ.

### Writ of Mandamus

16.     "A judge should dispose promptly of the business of the court." See Canon 3(A)(5) of the Code of Conduct for United States Judges. It is well-established that one of the most common grounds for granting a writ of mandamus is to compel a court to issue a ruling on a motion that has sat on its docket without a ruling for an unreasonable amount of time. See In re City of Virginia Beach, 42 F. 3d 881, 884-85 (4th Cir. 1994) ("We have concluded, though, that interlocutory review by mandamus or injunction may be appropriate in those 'rare circumstances' where the ongoing... proceedings suffer from... unreasonable delay... a fundamental infirmity in a... proceeding, justifying interlocutory relief, may occur when a[ district court] unduly delays the resolution of a matter committed to it").

17.     It is axiomatic that a district judge has a duty to issue a ruling on all motions properly filed in cases before it. Even if the motion is entirely frivolous and baseless, a judge must issue, at the very least, a 1-page order calling it frivolous and baseless, and denying it accordingly. Therefore, the first essential element for obtaining mandamus relief is met.

18.     We then turn to the question of whether the District Court has engaged in undue delay. Whether a delay is considered "undue" depends on a multitude of factors, but the most important one to consider is the complexity of the factual or legal issues being litigated.

19.     In the instant case, whether I am indigent enough to qualify for *in forma pauperis* status in the first place can be resolved in a matter of minutes. A similar application – the application in criminal cases for appointment of public defender to represent the defendant – is usually resolved within seconds after the defendant enters his plea.

20.     The only thing left to consider is whether the Complaint has met the incredibly low bar of passing a review under 28 USC § 1915(e). That statute lists only three grounds upon which the district court can dismiss a complaint at this stage: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

21.     Neither of the defendants are government entities, so there is no sovereign immunity to consider. Immunity under 42 USC § 230 is not applicable here; see § 230(e)(2). The DMCA safe harbor provision is a safe harbor, not an immunity, so it is not included among the grounds upon which an in forma pauperis complaint may be sua sponte dismissed. Even if it were, the Defendants have point-blank refused to remove the infringing post, so they have lost their safe harbor anyway, and even if they hadn't, they would still be liable for the prospective injunctive relief described in 28 USC § 512(j), which means it's not enough to justify dismissal under § 1915(e).

22.     The Complaint absolutely does state a claim upon which relief can be granted. The defenses of fair use and safe harbor are just that: Affirmative defenses, and as such, it is not

necessary for either me or the Court to consider them at the pleading stage, as I explained in ¶ 63 of the Complaint, citing Peterman v. Republican National Committee, 320 F. Supp. 3d 1151, 1157 (MT 2018) ("[I]t is not necessary to plead facts that disprove fair use to survive a [§1915(e) review or a] Rule 12(b)(6) motion to dismiss"). As I explained in the complaint, "[t]he fact that I am offering to make a token argument [in that stage] is a courtesy, not a requirement." As a result, the provisions of ¶¶ 56-96 do not need to be considered at all at this stage. ¶¶ 52-56 of the Complaint are the only portion of the "legal arguments" section of the Complaint that need to be considered on a § 1915(e) review.

23. As for the factual allegations in the Complaint, we must remember that the District Court must accept the factual allegations as true and in a light most favorable unless they rise to the level of "fantastic," "delusional," "irrational," or "wholly incredible." See Denton v. Hernandez, 504 US 25, 33 (1992). This is such an extremely low bar to clear that, if the district court takes *one look* at the complaint and doesn't *immediately* realize that it fails this standard, it probably passes it. So there is no reason why it should be taking four months.

24. Taking the factual allegations contained in ¶¶ 17-51 of the Complaint and applying them to the standard for prima facie copyright infringement described in ¶¶ 52-55 of same (because again, affirmative defenses don't need to be considered at the pleading stage), it becomes immediately clear that I have handily pled the two essential elements necessary to prove prima facie copyright infringement. Such a review should not have taken four hours, let alone four months. I can understand the district court getting distracted when the defendants bombarded him with multiple frivolous motions that even the district court acknowledged were designed primarily "to multiply and delay proceedings, draw this matter off course, and tax the Court's limited resources," but once he issued the stay and thus could focus on the § 1915(e) review unabated, it should have taken him only a few short days, not multiple months, to realize that this was a valid claim that should be allowed to move forward.

25. § 1915(e) reviews are meant to be a simple matter. They are only meant to conduct the bare minimum review, being mindful of the fact that the defendants normally have not had an opportunity to argue their side of the story yet (although the defendants have had that chance in this case and chose to focus on mudslinging instead of arguing the merits, but that isn't normally what happens).

### Lack of Availability of Other Remedies

26. One of the essential requirements for obtaining mandamus relief is that I must have no alternative means of obtaining this relief. However, in this case, that element has been satisfied. I tried calling the judge's chambers to inquire about the delay, only to receive no tangible information (as well as an implication that she was withhold said information from me out of spite for me having filed the ethics complaint against her). There are no other options available to me. It's mandamus or nothing.

### Prejudice I have suffered as a result of the delay

27. Every day that goes by without this case moving forward is prejudicial to me. This is bec-

ause, even as we speak, the infringing post is still publicly visible, meaning that literally every single day that goes by where that post isn't taken down is an infringement of my intellectual property rights.

28. I can't even file a motion for preliminary injunction to have the video taken down in the interim because the judge has ordered a stay, and warned the parties not to file anything more without leave of court.

29. Therefore, every day that goes by while this case just sits on the docket and doesn't move forward is prejudicial to me.

## CONCLUSION

30. Wherefore, premises considered, I respectfully pray that this Petition for Writ of Mandamus be issued, costs incurred be awarded, and for any other relief to which I may be entitled.

So submitted on this, the 5th day of August, 2024.

David Stebbins (pro se)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 204-6516
acerthorn@yahoo.com

David Stebbins
123 W. Ridge Ave.
APT D
Harrison, AR 72601

RECEIVED
U.S. MARSHALS

4th Circuit Court of Appeals
1100 E. Main St.
Suite 501
Richmond, VA 23219