IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

DAVID STEBBINS,

    Plaintiff,

v.                                           CIVIL ACTION NO. 2:24-cv-140

JOSHUA MOON and
LOLCOW LLC,

    Defendants.

## ORDER

This matter is before the Court on the *Motion for CM/ECF Access* filed by Plaintiff David Stebbins ("Plaintiff"), who is proceeding without counsel in this matter. (ECF No. 3.) Therein, Plaintiff seeks leave to make filings electronically using the Court's CM/ECF system. *See id*. In support of his request, Plaintiff asserts that making filings via U.S. Mail from his residence in Arkansas "would cause this case to become tediously slow." *Id*. at 1. Second, Plaintiff argues that the subject-matter of this litigation concerns acts which occurred over the internet, and "[a]s such, it is only fitting that the case itself be litigated in cyberspace." *Id*. Third and finally, Plaintiff asserts that his extensive experience as a pro-se litigant, including a number of copyright infringement cases Plaintiff has filed in the U.S. District Court for the Northern District of California since 2021, justifies granting him CM/ECF access, as "that experience is likely to carry over here." *Id*.

This Court's Pro Se Handbook states that "non-prisoner pro se filers" such as the Plaintiff "*may* be permitted to file electronically only when permission of the Court has

been requested, and the Court has granted such request by Order." Pro Se Handbook for the United States District Court for the Southern District of West Virginia (Apr. 25, 2011), at 18 § 5.4 (emphasis added). The U.S. Court of Appeals for the Fourth Circuit has recognized that pro-se parties are not entitled to make electronic filings in the district court. *Enovative Techs., LLC v. Leor*, 622 Fed. App'x 212, 215 (4th Cir. 2015). Plaintiff offers no specific demonstration that an inability to proceed electronically prejudices him. To the extent Plaintiff claims that it takes longer for him to receive Court orders by United States mail, "the Federal Rules of Civil Procedure account for such delays by extending the response deadlines." *Blochowicz v. Wilkie*, 1:20-cv-111, 2020 WL 5028224, at *1 (S.D. Ga. Aug. 25, 2020) (citing Fed. R. Civ. P. 6(d)), *aff'd*, 853 Fed. App'x 491 (11th Cir. 2021).

Moreover, as Defendants point out in their opposition to Plaintiff's subject motion, the U.S. District Court for the Northern District of California revoked Plaintiff's access to its electronic filing system; further, in an order denying Plaintiff's motion to set aside the judgment in that court, the presiding U.S. District Judge in that matter found that Plaintiff's arguments therein "are further evidence that he should not have access to the Court's filing system as a vexatious litigant." (ECF No. 7-1 at 4). For this reason, and for the reasons discussed at length in the undersigned's *Proposed Findings and Recommendation*, entered contemporaneously herewith, the undersigned Plaintiff's request must be denied as the Court must protect itself and the orderly administration of its docket from Plaintiff's well-documented history of abusive filings. Thus, the undersigned **FINDS** under the circumstances that Plaintiff has not shown good cause justifying a departure from the Court's pro-se filing policy.

Accordingly, in light of the foregoing, **IT IS ORDERED** that Plaintiff's *Motion for CM/ECF Access* (ECF No. 3) is **DENIED**.

**IT IS SO ORDERED**.

The Clerk of Court is **DIRECTED** to transmit a copy of this Order to counsel of record and to any unrepresented party.

ENTERED: January 27, 2025

_____
Dwane L. Tinsley
United States Magistrate Judge