UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF WEST VIRGINIA

DAVID STEBBINS,                                                                         PLAINTIFF

VS.                                         2:24-cv-00140

JOSHUA MOON AND LOLCOW, LLC                                          DEFENDANTS

## MOTION TO APPOINT COUNSEL

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Motion to Appoint Counsel and for extension of time to reply to the Report & Recommendation in the above-styled action.

### I should be *entitled* to appointment of counsel under the precedent of Lassiter v. Department of Social Services, 452 U.S. 18 (1981)

1. Under Lassiter, supra, a civil litigant is entitled to appointment of counsel if he stands to have his liberty taken from him. In that case, the eponymous petitioner was a mother who stood to lose custody of her children. In the instant case, the Magistrate Judge seeks to have me declared a vexatious litigant in this district, even though I haven't done anything wrong in this district yet, simply because I was so declared in other districts.

2. I am currently in the process of appealing the California judge's order declaring me a vexatious litigant. I will now copy and paste an argument I made in that appeal's opening brief which is also directly applicable here:

> "The Defendants appear to argue that, simply because this filing restriction was imposed on me in a completely different district, over a decade ago, that automatically means it should apply to me in every district, period. That, however, has no basis in the law. The certainly do not *cite to any authority* stating that a filing restriction in one district necessarily carries over to other districts necessarily.
>
> If, in fact, a filing restriction in any district necessarily carries over to every other district in the nation, then that raises significant constitutional questions. First, can the restriction truly be considered 'narrowly tailored' at that point? Even the District Court admits that this is an essential element to these sanctions. But can it truly be considered narrowly tailored if it necessarily extends beyond its initial district?
>
> Second, if such a declaration does in fact have such nationwide and lifetime effects, then I should have received a lot more due process than what I actually got all those years ago. According to the District Court in this case, simply providing me with one single solitary opportunity to submit a written brief arguing why those sanctions should not be imposed is all the due process I'm entitled to. See Dkt. 71, Page 16, Lines 18-25. Maybe, if the only restrictions were confined to the district in which the cases were filed, that might be the case. But if being so declared in one district, even many years ago, automatically and necessarily

Page 1 of 4

> carries over to all other districts, then the stakes are far too high for that to be enough due process.
>
> In such a case, not only should I be entitled to the benefit of discovery (albeit limited in scope to the instant issue) and a full-blown hearing, but I should even be entitled to appointment of counsel in such a case. In civil cases, the right to appointment of counsel is governed by the case of Lassiter v. Department of Social Services, 452 U.S. 18 (1981), which holds that there is a presumptive right to appointment of counsel in civil cases when the indigent civil litigant stands to lose his personal liberty. In that case, it was a loss of parental rights, which would only have lasted for a maximum of 18 years in any event (owing to the common sense fact that the child will eventually come of age, which would terminate the parent's rights regardless). So if a parental termination proceeding is enough of a personal liberty to justify appointment of counsel in civil cases, then a ***nationwide, lifetime restriction on my First Amendment right to court access***[1] will almost certainly be a sufficient liberty to trigger the Lassiter precedent. Even restraining orders – which are typically only granted after the accused has been proven guilty of physically assaulting or otherwise terrorizing the petitioner – typically only last a few years before having to be renewed for good cause shown!
>
> If, however, this Court disagrees with the Defendants' and District Court's logic entirely, and insists that a declaration from another district does not, in fact, automatically lead to a declaration in every other district, then we revert back to my original point on appeal: that the District Court declared me a vexatious litigant after only two cases were lost by me, which (as the Defendants concede to, for reasons I explained in ¶ 87 above) isn't enough to justify such a nuclear restriction on my First Amendment rights."

3. See 9th Circuit, Case 24-1936, DktEntry: 14.1, pp. 28-29 (emphasis in original). The same logic applies in the instant case. Therefore, because of the stakes of the magistrate judge's report and recommendation, I am constitutionally entitled to appointment of counsel. At a minimum, the Court should abstain from ruling on this motion or the report and recommendation until that appeal has been disposed of.

### Barring that, discretionary appointment of counsel is warranted in this case.

4. The Court still has *discretion* to appoint counsel under 28 USC § 1915(e)(1). Although the Fourth Circuit (whose precedents are binding in this district) has a darth of case law surrounding which factors should be considered in discretionary appointment of counsel, one factor that seems to be universal among the various circuits is the factual and legal complexity of the claims at issue.

5. Here, I am suing over copyright infringement, and fair use is most likely going to be the defendants' primary defense on the merits. "The fair use doctrine has been called 'the most trou-

---

1 See California Motor Transport Co. v. Trucking Unlimited, 404 US 508, 510 (1972) ("The right of access to the courts is indeed but one aspect of the right of petition").

blesome in the whole law of copyright.'" See Monge v. Maya Magazines, Inc., 688 F. 3d 1164, 1170 (9th Cir. 2012) (citing Dellar v. Samuel Goldwyn, Inc., 104 F.2d 661, 662 (2d Cir. 1939) (per curiam)). "[T]he fair use analysis is fact intensive... a fair use determination is a case specific endeavor." See Williams v. Columbia Broadcasting Systems, 57 F. Supp. 2d 961, 968 (CD Cal 1999). See also In re DMCA § 512 (h) Subpoena to Twitter, Inc., 608 F. Supp. 3d 868, 879 (N.D. Cal 2022) ("The fair use analysis is fact intensive; courts are to eschew bright-line rules and categories of presumptively fair use, and instead engage in a case-by-case analysis. All four factors are to be explored, and the results weighed together, in light of the purposes of copyright").

6. One of the most fact-intensive inquiries of them all is the question of whether the reaction video in question constitutes a market substitute of my original video. "Since fair use is an affirmative defense, its proponent would have difficulty carrying the burden of demonstrating fair use without favorable evidence about relevant markets." See Campbell v. Acuff-Rose Music, Inc., 510 US 569, 590 (1994). That alone may be a sufficiently intensive factual inquiry to swing this factor definitively in my favor, all by itself.

7. But then, there is also the question of whether or not the underlying songs qualify as unpublished. As I explained in the complaint, Circular 66 from the US Copyright Office states that a work is not automatically considered published simply because it is posted to a website. Instead, to determine if a work is published, the Court will have to consider a variety of factors, including but not limited to whether or not downloading of the work is expressly authorized, whether said downloads are retainable and/or owned by the audience member, and whether the audience member keeps a copy of the work after navigating away from the corresponding webpage from which he originally got it. This is likely to also be a fact-intensive inquiry.

8. Therefore, the merits of the case are certainly complex enough to warrant discretionary appointment of counsel.

### Monika Jaensson could probably do it.

9. Monika Jaensson is an attorney in the Southern District of West Virginia who practices copyright law. I previously contacted her about representing me on contingency. She admitted that my case was "interesting" (aka potentially meritorious), but had to decline to take my case due to "personal reasons." See **Exhibit A**. Those personal reasons were taking care of her elderly father, whose health was declining in his old age.

10. That was months ago, however, and now, perhaps she has enough time in her schedule to take my case on a hybrid retainer/contingency basis. All I ask is that the retainer portion thereof be paid by the taxpayers in this case.

## Conclusion

11.     Wherefore, premises considered, I respectfully pray that I be appointed counsel to assist me in this matter.

So requested on this, the 30th day of January, 2025.

*/s/ David Stebbins*
David Stebbins (pro se)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

## Re: Re:

From: Monika Jaensson (monika@jaenssonlaw.com)

To: acerthorn@yahoo.com

Date: Monday, March 25, 2024 at 12:32 PM CDT

As interesting as this sounds, I have to decline due to personal circumstances. I spoke with a friend of mine with a firm that takes plaintiffs cases, on contingency, and I believe they would consider it. They are an excellent firm in West Virginia. Here's her contact information:
https://www.goodwingoodwin.com/stephanie-h-daly

Monika Jaensson
**Jaensson Law, PLLC**
PO Box 8126
South Charleston, WV 25303
(304) 552-2526
monika@jaenssonlaw.com

---

**From:** Acerthorn <acerthorn@yahoo.com>
**Date:** Friday, March 22, 2024 at 6:12 AM
**To:** Monika Jaensson <monika@jaenssonlaw.com>
**Subject:** Re: Re:

Have you had a chance to review what I sent you? The case has been uploaded to Pacer by now, and the case number is 2:24-cv-00140. But the judge hasn't ruled on my IFP application yet (in fact, I don't even know which judge has been assigned), so there's still plenty of time for you to jump on board.

On Wednesday, March 20, 2024 at 12:17:16 PM CDT, Monika Jaensson <monika@jaenssonlaw.com> wrote:

Here is there website ... https://fairnesswv.org/ I'd really be interested to hear whether they would take the case...

What you handed over was a lot ... I don't see how I could possibly get to this in the next few days with other client projects I have on my plate. But reach out to Fairness and see how the conversation goes...

*Exhibit A* (handwritten)



P.O. Box 2546
Charleston, WV 25301

David Stebbins
123 W. Ridge Ave.
Apt D
Harrison, AR 72601