UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF WEST VIRGINIA

DAVID STEBBINS,                    PLAINTIFF

VS.                 2:24-cv-00140

JOSHUA MOON AND LOLCOW, LLC            DEFENDANTS

### OBJECTION TO ECF 24, REPORT & RECOMMENDATION OF MAGISTRATE JUDGE, AND SUPPLEMENTAL ARGUMENT IN SUPPORT OF MOTION TO APPOINT COUNSEL

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Objection to the Magistrate Judge's Report and Recommendation in the above-styled action.

**I have been prejudiced by the Court's refusal to rule on the motion for extension of time, and the Court should take some action to undo that prejudice.**

1. I have filed a motion for extension of time to file these objections, pending resolution of my motion to appoint counsel. See ECF 27. The 2-week time limit to object to a magistrate judge's order(s) and Report(s) & Recommendation(s) is now coming up, but the deadline has not been extended. So I have no choice but to mail these objections in. I have been prejudiced by having to object to the Magistrate Judge's Report & Recommendation by myself, without the aid of counsel, which prejudices me in axiomatic ways.

2. If the Court ultimately chooses to appoint counsel, then I ask the Court to strike the majority of this objection and allow it to be replaced with the objection that my court-appointed attorney drafts instead. The one portion I do not seek to have stricken is the portion, later on in ¶¶ 32-35 of this objection, which provides further argumentation in support of my right to appointed counsel.

**Complete denial of IFP status was found by the old district court to be unconstitutional.**

3. "The right of access to the courts is indeed but one aspect of the right of petition." See California Motor Transport Co. v. Trucking Unlimited, 404 US 508, 510 (1972). For this reason, any restrictions on that right must pass strict scrutiny, which, among other things, means it must be narrowly tailored.

4. The District Court for the Western District of Arkansas previously declared me a vexatious litigant, yes, but it did not revoke my in forma pauperis status entirely, as Judge Tinsley recommends in this case. That finding by Judge Tinsley in clear error. The Magistrate Judge cited the Report & Recommendation of the Arkansas magistrate judge, but the district judge's order did not impose that restriction. See Stebbins v. Stebbins, 3:12-cv-03130 (W.D. Ark. July 3, 2013), ECF No. 10 at 5:

> "It appears that, while a $400.00 filing fee would effectively prevent Mr. Stebbins from filing a case in federal court, Mr. Stebbins does have the ability to pay a refundable bond in order to file a complaint in this District. Mr. Stebbins may also

be properly limited in the number of cases he may file in a given time period. Tyler, 839 F.2d at 1294 (limiting indigent prisoner plaintiff to filing one case per month)."

5. Meanwhile, in the Northern District of California, I was never made to post *any* bond in order to file a new lawsuit, nor was I limited in how many lawsuits I could file in a given time period. Instead, all I had to do was submit the complaint first as a miscellaneous matter to a duty judge. Nothing more, nothing less, and even then, only if it either listed YouTube, Google, or Alphabet Inc as defendants and/or was about copyright law. See Stebbins v. Google, 3:23-cv-00322 (N.D. Cal. Aug 3, 2023), ECF No. 71 at 18:

> "Plaintiff David A. Stebbins is DECLARED a vexatious litigant in this District. As such, (1) any future actions against Google LLC, YouTube LLC, Alphabet Inc., or any of their affiliates, or (2) any claim of copyright infringement or copyright-related claims against any defendant, Mr. Stebbins must first provide a copy of his complaint and this Order to the Clerk of this Court, along with a letter requesting the complaint be filed. The Clerk shall then forward the complaint, letter, and copy of this Order to the Duty Judge for a determination whether the complaint should be accepted for filing."

6. Because Magistrate Judge Tinsley's recommendation would have the effect of unconstitutionally stripping me of access to the Courts in its entirety, this Court should likewise refrain from imposing the recommended sanction, even if it ultimately decides that sanctions are warranted (which I hope it doesn't). Similar, more narrowly tailored restrictions such as the one imposed by the California court would be more than adequate.

7. The only way this Court can constitutionally force me to pay the entire filing fee is if it were to determine that requiring this of me would not have the de facto effect of shutting the courthouse doors to me entirely. But if it were to make that finding, it might as well just make the finding that I am not indigent in the first instance, and deny the Application for Leave to Proceed In Forma Pauperis on that ground alone. But Judge Tinsley has expressly declined to do that. See ECF 24 at 21 ("While Defendants have challenged the veracity of Plaintiff's representation of pauper status, (see ECF No. 11 at 2), the undersigned has assumed for the purposes of the discussion herein that Plaintiff financially qualifies for IFP status").

### Sanctions on future filings cannot impact the current filing.

8. Barring that, any imposition of restrictions on my future filing privileges would have to be just that: Limited to *future* filings. Even the Arkansas judge in the case of Stebbins v. Stebbins accepted that, as he still proceeded to conduct a § 1915(e) review of the individual merits of that case. See id, ECF 10, at 4. In California, District Judge Thompson still reviewed my complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6). See Stebbins v. Google, 3:23-cv-00322 (N.D. Cal. Aug 3, 2023), ECF No. 71 at 2-13. Meanwhile, the defamation lawsuit in that same district (Case 3:23-cv-00321-MMC of Northern District of California) is left entirely unaffected by this order, because it was already filed by the time that order was entered.

9. So even if the Court imposes filing restrictions on me, they cannot and should not affect the status of the instant case. The Court is still going to have to issue a proper § 1915(e) review

of this case.

10. To that end, multiple courts have already ruled that I have stated a claim upon which relief can be granted. As I mentioned earlier in this case, I have already been granted leave to proceed on the merits in a case against a Brazilian citizen named Thiago Baz, but in addition to that, one case which was previously dismissed as frivolous was recently overturned on appeal. Specifically, I'm talking about Case 4:24-mc-80179-HSG in the Northern District of California. I appealed that ruling, and the appeal was given Case No. 24-4992 in the Ninth Circuit Court of Appeals. On January 28, 2025, the Ninth Circuit overturned the dismissal of most of my copyright infringement claims in that case. See DktEntry: 20.1 at 2-3:

> "However, Stebbins alleged that he owns valid copyrights on four videos and that defendant John Doe reproduced those videos in their entirety. Liberally construed, these allegations were "sufficient to warrant ordering [defendants] to file an answer." Wilhelm v. Rotman, 680 F.3d 1113, 1116 (9th Cir. 2012); see also Feist Publ'ns, Inc. v. Rural Tel. Serv., Co., 499 U.S. 340, 361 (1991) (explaining that a claim for copyright infringement has two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original"); Neitzke v. Williams, 490 U.S. 319, 325 (1989) (explaining that a complaint is frivolous "where it lacks an arguable basis either in law or in fact")... We reverse in part and remand to permit the proposed complaint to proceed only as to the claims for copyright infringement regarding the four videos."

11. In addition, California District Judge Jeffrey White has recently found that a similar case also sufficiently states a claim upon which relief can be granted. See Stebbins v. Alphabet, 4:22-cv-546 (N.D. Cal. Dec 4, 2024), ECF 36 at 9-10:

> "[T]he Court finds that Plaintiff adequately alleges ownership of the October 13, 2019 work... Plaintiff contends Creetosis infringed the October 13, 2019 video by livestreaming himself watching Plaintiff's video and reacting to it. (Id. ¶ 171.) Creetosis paused Plaintiff's video to give commentary, meaning that the entirety of Plaintiff's work was replicated without modification and could serve as a market substitute. (Id. ¶ 184.) Plaintiff sufficiently alleges that Creetosis unlawfully copied Plaintiff's work... The Court will permit this claim to proceed."

12. All of these cases are, quintessentially, identical in merit to the instant case. In all of those cases, as well as this one, the defendants reposted my videos in their entirety, punctuated occasionally by threadbare criticism or commentary consisting almost exclusively of exclamations and layperson opinions, thereby creating a very poor case for fair use. It is absurd on its face to assume that this lawsuit, and this one alone, deserves to be dismissed without an answer from the defendants on the grounds that it is "obviously fair use."

13. Therefore, this case should be allowed to proceed.

**No sanctions should be imposed because I haven't done anything wrong in this district yet. The few things I've done in this district are legal and, therefore, protected from retaliation.**

14. The magistrate judge argues that my litigation history now becomes relevant, even thou-

gh it wasn't relevant before, because of my "continued" behavior in other district courts. Specifically, he says "courts" with an S, meaning that he is referring to my behavior in *other districts*. That, however, is beyond this court's personal jurisdiction to adjudicate.

15. He tries to save face by arguing "It was not until Plaintiff exhibited the same pattern of misconduct in this case that the undersigned considered Plaintiff's litigation history to be relevant to Plaintiff's pending IFP application." But if you actually think about it, the things he says I did that he considers to be "abusive" and "vexatious" were, in fact, perfectly legal and, therefore, protected from government retaliation. See Bordenkircher v. Hayes, 434 US 357, 363 (1978) ("To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort, and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is patently unconstitutional") (citations and quotations omitted). Even for official acts which are discretionary, it is still an abuse of discretion to take even those actions adverse to one citizen in retaliation for the exercise of legal rights. See Perry v. Sindermann, 408 US 593, 597 (1972) ("[E]ven though a person has no 'right' to a valuable govern-mental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests— especially, his inte-rest in freedom of speech. For if the government could deny a benefit to a person because of his constitutionally protected speech or associations, his exercise of those freedoms would in effect be penalized and inhibited. This would allow the government to produce a result which it could not command directly").

16. The only two things he mentions in his report and recommendation that he believes constitutes "abusive" or "vexatious" behavior is (A) the fact that I filed a complaint against his law clerk for being extremely rude and unprofessional to me over the phone without any provocation, and (B) recording the phone calls with said law clerk without her knowledge or consent. The latter, in Judge Tinsley's own words, is the "[m]ost notabl[e]" of the alleged abuses. See ECF 24, Page 24, Line 16.

17. First of all, I have the absolute right to file the complaint against the law clerk. So for him to be angry at me because I did that is blatant First Amendment retaliation. It's no different than if a police officer were to pull me over and ticket me because I filed a complaint against him for excessive force, or if a corrections officer were to put an inmate in solitary confinement for filing grievances. See Trobaugh v. Hall, 176 F. 3d 1087 (8th Cir. 1999) (affirming liability when the defendant flagrantly and transparently retaliated against the plaintiff "for filing repeat grievances;" id at 1088).

18. Even if the complaint I filed against that law clerk were found to be entirely frivolous and/or in bad faith (a finding that has not yet been made), the fact that this is retaliation based on the *content* of the petition means that any restrictions on that right must be pass strict scrutiny in order to be constitutional. See Reed v. Town of Gilbert, Ariz, 576 US 155 (2015) (holding that "content-based regulations of [First Amendment rights] that do not survive strict scrutiny" are unconstitutional). However, the magistrate judge has cited no compelling state interest[1] in retalia-

---

1 Preserving the "limited resources" of the federal judiciary is NOT a *compelling* state interest. If it were, that would effectively empower the judiciary to cut all kinds of corners that would heavily infringe on people's due process rights, all in the interest of "saving money." Judges could deny defendants their right to appointed counsel solely on the basis that their public defender budget had been fully depleted for the year, permit the

Page 4 of 10

ting against me over that complaint, and for that matter, his report and recommendation ignores an obvious lesser restrictive means of achieving whatever interest he has in mind: Affording me full due process of law before punishing me. The key word being "full," which includes appointed counsel, the right to confront my accusers through cross examination, the right to compel witnesses in my defense, and a trial by a jury of my peers. I'll go into more detail about this in the section where I supplement my case for appointed counsel.

19.     As for me recording the phone calls, the Magistrate Judge cites the admonishment I received from California Judge Trina Thompson, but he conveniently ignores the multitude of arguments (supported by binding precedent) that I made which caused the district judge to back pedal on that admonishment. Then again, he also flagrantly ignored the Arkansas district judge's order rejecting in part the magistrate judge's recommendation that I be wholesale denied IFP status, simply because that district judge's order didn't suit his narrative. I'm starting to notice a pattern, here.

20.     Put simply, she ordered me to delete the files without giving me even the slightest iota of due process of law. She didn't even issue an order to show cause; she just outright declared that my recording was illegal without any due process whatsoever. In fact, I was well within my legal right to record that conference, seeing as the defense attorney was in New York at the time, and both New York and my state of Arkansas are one-party consent states. For that matter, Judge Thompson did not even have *personal jurisdiction* to adjudicate the legality of the recording, since it happened entirely outside the State of California! The only way she could claim personal jurisdiction to adjudicate the legality of the recording is if she were to make the finding that the conversation being recorded was being conducted pursuant to the very case she was directly charged with overseeing, but if she were to make that finding, she would then have to concede that I was entitled to the "official proceeding" exemption from California's "all party consent" law on recording of phone calls. So matter how you cut it, what I did was legal.

21.     See ECF 73, ECF 76, ECF 80, ECF 81, and ECF 82 of that case.

22.      Judge Thompson ultimately decided to back down. Although she didn't expressly rescind the order, she didn't enforce it either after issuing the Order to Show Cause, which is essentially the same thing.

23.     In the instant case, Judge Tinsley has even less foundation to lawfully retaliate against me for recording these calls than Judge Thompson did. With Judge Thompson, at least there was some iota of legal authority – California's "all party consent" law – which served as a jumping off point for her to make her far-fetched legal logic. Her arguments were incredibly flawed and could have been avoided altogether if she had just issued an order to show cause so I could have explained all of this to her *before* ordering me to delete anything, but at least it was *something*. But here, Judge Tinsley doesn't even have that much.

24.     I don't know if the Court has noticed this or not, but unlike the incident with Judge Thompson, *this* case is being litigated in West Virginia, not California. This means that the laws of California are about as relevant to the instant case as the laws of North Korea or the laws of Jupiter. Just like Arkansas and New York, West Virginia is also a one-party consent state. See W. Va.

---

prosecution to get away with blatantly badgering witnesses simply on the grounds that they "can't afford another mistrial," and so on and so forth.

Code § 62-1D-3(e) ("It is lawful under this article for a person to intercept a wire, oral or electronic communication where the person is a party to the communication or where *one of the parties* to the communication has given prior consent to the interception") (emphasis added). And under West Virginia law, "[i]f you're a participant in a conversation, you can be the one person to consent to the recording." See `https://surveillancesecure.com/west-virginia-audio-and-video-recording-legal-regulations/`.

25. But even if that were not the law of West Virginia, it still wouldn't matter. Again, I don't know if the Court has noticed this or not, but the alleged victim of this unilateral and clandestine phone recording (Megan Davis) was not a private citizen; she was a federal government employee acting in the course and scope of said employment, talking to me using a federally-owned telephone line while inside a federally-owned building. This means that federal law applies and thus supersedes West Virginia state law. Federal jurisdiction is also subject to a one-party consent law, so my recording of the phone calls was absolutely legal regardless.

26. In fact, there is a good chance that Judge Tinsley already knows all of this full well. After all, if he genuinely believes that what I did was illegal, why isn't he contacting either William S. Thompson (US Attorney for the Southern District of West Virginia) or David Clay Fowlkes (US Attorney for the Western District of Arkansas) and having me charged with a crime?!

27. But then again, if he knows that I was well within my legal rights to do what I did, but is still seeking to retaliate against me for it, then I defer you to my earlier citations of Bordenkircher v. Hayes and Perry v. Sindermann and ask the District Judge to refuse to adopt the magistrate judge's blatantly unconstitutional report and recommendation.

28. At this point, the only way the Court could deny me In Forma Pauperis status is if it were to simply abandon all pretense of being fair or objective, and openly and transparently admit that, although I was well within my legal rights to do what I did, and although it is black letter law that retaliating against me for that reason is patently unconstitutional, you *actively don't care* about any of that. It doesn't matter what the law says, because you, personally, don't like what I did, so you're going to retaliate against me and persecute me for it, the Rule of Law be damned.

29. It's either that, or point to some actual, tangible law that I violated, instead of just nebulously classifying my behavior as "abusive" and "bad faith" simply because you say so.

30. But if the district judge chooses to do neither, and instead chooses to concede that I was legally allowed to do the things that Judge Tinsley is complaining of, then I have still not done anything wrong *in this district* yet, which, by Judge Tinsley's own logic, means that my behavior in other districts goes back to being irrelevant. Therefore, no sanctions should issue.

**If my previous declarations also strip me of my right to record phone calls or file complaints against law clerks, then they amount in practice to a nationwide, lifetime restriction on my rights, thus entitling me to counsel under Likety.**

31. This is the section of this objection where I provide a supplemental argument in support of my still-pending motion to appoint counsel.

32. One way I expect the court may try to tip-toe around my arguments above while still

giving themselves permission to retaliate against me for my perfectly legal behavior is by arguing that the recording of the phone call and the subsequent filing of the complaint only became "abusive" and "vexatious" because of the previous things I had done. Those previous things had apparently exasperated the recording and filing of the complaint – which were previously bordering the line of constitutional protection – and caused them to lose the already paper-thin constitutional protection they otherwise had.

33.     However, if that is the Court's logic, there are two problems with that: First, if that is the case, then the Court is engaging in blatant circular logic. First, Judge Tinsley said that the actions which occurred outside this district were not relevant until I continued the supposed "abusive" behavior here, but now, he's saying that it's the other way around?! At this point, we're in an endless, self-repeating "the chicken or the egg" type scenario where the only way out is for the Court to admit its own hypocrisy.

34.     But even barring that, at that point, you are effectively admitting that I did indeed lose at least some rights in this district solely by dint of having been declared vexatious in other districts. At a minimum, I lose (or at least have restricted) my right to complain about the behavior of federal employees and the right to record the phone calls for evidentiary purposes. While those are not as profound as my right to court access in the first instance, but if I stand to lose *even that much* of my rights, then I still suffer a nationwide, lifetime restriction on at least some of my freedoms. At that point, the arguments I put forth in my Motion to Appoint Counsel – specifically, the ones I brought in from my 9th Circuit Appeal Brief – suddenly apply even harder than they previously did, since now, even this Court admits that I had lost (or at least restricted) rights that would otherwise have been unrestrained, thereby triggering the Lassiter precedent even when it otherwise might have been just barely inapposite.

### The posting of the recorded phone call on YouTube was NOT public.

35.     This is a minor point in the grand scheme of things, but it still bears mentioning. The Magistrate Judge's finding that I had taken the recording of the phone call and posted it "publicly" to YouTube is in error. The posting in question can be found at the url of `https://www.youtube.com/watch?v=d6dCBjpguIY`, and it is *unlisted*, not public. You can even clearly see that it is unlisted through the simple expedient of going to that page. A screenshot showing you what I'm talking about is being attached as **Exhibit A**.

36.     It feels like, because Judge Tinsley was angry at me for even doing the recording in the first place, he's going to trump up the indictments against me to make it seem like I'm doing more than what I actually am.

37.     For the record, even if I did post it publicly, it still would have been not only legal, but constitutionally protected, for me to do so. Just look at all the instances of police misconduct where the misbehaving police officers are *only* held accountable because public circulation of their behavior brings too much shame and PR onto their respective departments.

38.     So Judge Tinsley is actually violating my rights in two respects by making this accusation against me. First, he is defaming me by accusing me of doing something I objectively did not do, and he is also violating my First Amendment rights by retaliating against me for a perceived act that, even if true, would still be constitutionally protected anyway.

### My personal and subjective motives for filing this lawsuit are irrelevant. At a minimum, the court is holding me to a double standard for no reason.

39. Aside from filing the complaint and recording the phone call, the only other thing that Judge Tinsley hints at that might be driving his desire to deny me IFP status is the fact that he believes I am only filing this lawsuit to try to silence criticism of me.

40. This is an untrue accusation, for reasons I have already said ad infinitum in other cases which Judge Tinsley references, so I will not repeat myself again. But even if that were true, my subjective motives for taking this otherwise lawful action are irrelevant as a matter of law. In his famous article "Toward a Fair Use Standard," famous copyright Pierre Leval opines...

> "The temptation to determine fair use by reference to morality also can lead to examination of the conduct and intentions of the plaintiff copyright holder in bringing the suit. The secondary user may contend that the copyright holder is disingenuously invoking copyright remedies as a device to suppress criticism or protect secrecy. Such considerations are also false leads.

> Like a proprietor of land or an owner of contract rights, the copyright owner may sue to protect what he owns, regardless of his motivation... Whether the secondary use is within the protection of the doctr-ine depends on factors pertinent to the objectives of the copyright law and not on the morality or motives of either the secondary user or the copyright-owning plaintiff." See P. Leval "Toward a Fair Use Standard", 103 Harv. L. Rev. 1105 (1990).

41. "Copyright is not a privilege reserved for the wellbehaved." See Google LLC v. Oracle America, Inc., 141 S. Ct. 1183, 1204 (2021).

42. At a minimum, the district judge should reject the magistrate judge's findings on the grounds that they are blatant double standards. Think about it: The magistrate judge is not only finding that the defendants' malicious behavior is irrelevant, but also finding that my alleged and unproven ulterior motives for filing this lawsuit should itself constitute an absolute bar to an otherwise factually meritorious claim. On what basis does the magistrate judge base his belief that my alleged misconduct is relevant but the defendants' misconduct is not? As Pierre Leval alludes to in his famous article, either both are relevant or neither are relevant. To hold me to such a double standard is the epitome of an unfair and inequitable system.

### In fact, the defendants' misconduct is indeed relevant, at least insofar as statutory damages are concerned, whereas my alleged misbehavior is not relevant.

43. If there's going to be any double standard in this regard, it should be one that is expressly codified in law, and that double standard is that the Defendants' misconduct is indeed relevant, but the Plaintiff's is not. As unfair as the defendants and magistrate judge may think this double standard is, the bottom line is that it is expressly affirmed in case law. Specifically, I am referring to the case of Dream Games of Arizona, Inc. v. PC onsite, 561 F. 3d 983 (9th Cir. 2009), which holds in pertinent part the following:

> "[T]he district court did not allow [the Defendant] to argue evidence of illegality

to the jury. The court concluded that the jury should focus on the conduct of [the defendant], and that any possible illegal activity by [the Plaintiff] was irrelevant to the willfulness or innocence of [the Defendant]'s conduct.

...

The court may exclude evidence when its probative value is substantially outweighed by the danger of unfair prejudice. 'Unfair prejudice' within this context means an undue tendency to suggest decision on an improper basis. Here... it was not an abuse of discretion to exclude evidence of illegal operations... illegal operation does not diminish copyright protections or undermine the punitive purposes of the statutory damages provision. Further, illegal operation of a work does not provide information relevant to the nature of the copyright, the circumstances of the infringement, plaintiff's conduct during litigation, or any of the other factors commonly relied upon by decisionmakers in setting statutory damages awards.

...

Because illegal operation of a copyrighted work does not remove copyright protection or foreclose the award of either actual or statutory damages, we uphold the award of statutory damages to Dream Games. We also conclude that the district court did not abuse its discretion in excluding evidence of illegal operation from the jury's consideration." See id at 992-94 (citations and quotations omitted).

44. Admittedly, that precedent is from the Ninth Circuit and therefore is not binding precedent in this district. However, the fact still remains that there is infinitely more precedent supporting my position than there is supporting the magistrate judge's position that my alleged misbehavior is relevant but the defendants' misconduct is not.

45. Even barring that, there is still some precedent form the Fourth Circuit (and therefore binding in this district) that supports my position that the defendants' misconduct is relevant to this case: The case of Superior Form Builders, Inc. v. Chase Taxidermy Supply Co., 74 F. 3d 488 (4th Cir. 1996), which holds in pertinent part that the factors that courts and juries should consider when awarding statutory damages include, but are not limited to, "any evidence that the defendants are apparently impervious to either deterrence or rehabilitation," as well as "any misleading or false statements made by the defendants." See id at 496. Both of these factors make relevant the defendants' misconduct, even for conduct that is only tangentially related, or perhaps even entirely unrelated, to the case at bar.

46. Not to mention the *plain text* (no case law necessary) of Federal Rule of Evidence 404(b)(2) plainly states that evidence of prior, unrelated bad acts is admissible to prove things such as motive, intent, opportunity, and knowledge, which are also relevant in the instant case for increasing the maximum award of statutory damages from $30,000 per infringed work to $150,000.

47. If it's any consolation to the defendants, these precedents only matter insofar as statutory damages are concerned. This means that, if the defendants can prevail on the merits on the defense(s) of fair use and/or safe harbor, the damages will still be zero, and we will never reach

the question of to what extent their misconduct should make them liable for more statutory damages than an otherwise well-behaved infringer under otherwise identical circumstances.

48.　But that does not mean that my allegations of misconduct from the defendants in the Complaint are entirely irrelevant. They are still relevant to the extent that I am seeking to justify the (admittedly substantial) request for $900,000 in statutory damages.

49.　Meanwhile, under FRE 404(b)(2), the defendants could indeed provide evidence of my prior bad acts and have it be admissible... if they were just using it to provide proof of something like motive or intent. However, because, as I clearly demonstrated, my motives for bringing this suit are irrelevant, it would still be inadmissible, not under FRE 404, but under FRE 402.

## Conclusion

50.　Judge Tinsley has declined to recuse himself. While it is true that the Supreme Court has given protection for "expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect men and women, even after having been confirmed as federal judges, sometimes display[2]," this goes beyond mere *expressions* of annoyance or anger. He isn't just *expressing* how frustrated he is with me filing that complaint against his law clerk or recording the phone call with her for her accountability; he is *officially* seeking to deny me a valuable benefit (in forma pauperis status) as punishment *because* of those things. This would be like if a criminal law judge were to *officially* cite his frustrations with the defendant refusing to plea bargain, or his frustrations with the defendant wearing a shirt in court that said "Fuck the Draft," as *official* reasons why he is giving the defendant a greater than average sentence.

51.　The only thing the District Judge can do at this point that would not be a flagrant and nakedly transparent violation of my constitutional rights would be to reject Judge Tinsley's report and recommendation, and proceed to grant my application for leave to proceed in forma pauperis, and order service of process accordingly.

So requested on this, the 10th day of February, 2025.

/s/ David Stebbins
David Stebbins (pro se)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com

---

2　Liteky v. United States, 510 US 540, 555-56 (1994)