UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF WEST VIRGINIA

DAVID STEBBINS,                                                                             PLAINTIFF

VS.                                         2:24-cv-00140

JOSHUA MOON AND LOLCOW, LLC                          DEFENDANTS

### OBJECTION TO ECF 23, MAGISTRATE JUDGE'S ORDER DENYING MOTION FOR CM/ECF ACCESS

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Objection to ECF 23, Magistrate Judge Tinsley's Order Denying my Motion for CM/ECF Access in the above-styled action.

**Judge Tinsley's finding that I was denied ECF access in California is in clear error.**

1. Judge Tinsley bases his denial, in part, on the finding that I was denied ECF access in the Northern District of California. This finding, however, is in clear error. I very clearly do still have ECF access in the Northern District of California. I used it as recently as February 5, 2025, when I filed a "Motion to Stay Motion to Dismiss or in the Alternative to Strike Same" in Case 4:22-cv-00546-JSW (Stebbins v. Alphabet) in that district. That motion's text can still be copied and pasted, thereby proving that it was always in electronic format, whereas physical mailings would have to be printed, mailed, and then scanned by the Clerk before being entered, which would remove the ability to copy and paste the text.

2. Therefore, that finding by Judge Tinsley should be rejected for clear error.

**Judge Tinsley's prejudice against me should be overturned.**

3. For convenience's sake, the contents of my Objection to Report & Recommendation (which is being filed simultaneously with this objection) are hereby incorporated by reference.

4. Judge Tinsley's order rests on the fact that ECF access to pro se litigants is discretionary, and that there is no inherent right to ECF access.

5. The case of Perry v. Sinderman, 408 US 593, 597 (1972) is controlling in this case, which states in pertinent part that "[E]ven though a person has no 'right' to a valuable govern-mental benefit and even though the government may deny him the benefit for any number of reasons, there are some reasons upon which the government may not rely. It may not deny a benefit to a person on a basis that infringes his constitutionally protected interests— especially, his inte-rest in freedom of speech. For if the government could deny a benefit to a person because of his constitutionally protected speech or associations, his exercise of those freedoms would in effect be penalized and inhibited. This would allow the government to produce a result which it could not command directly."

6. Judge Tinsley is being very upfront and nakedly transparent when he openly admits, in writing, that he is issuing the rulings he is issuing primarily out of spite for me having (A) filed

the complaint against his law clerk, and (B) recording the phone call where she was abrasive and unprofessional, for her accountability. See ECF 23 at 2 ("for the reasons discussed at length in the undersigned's Proposed Findings and Recommendation, entered contemporaneously herewith, the undersigned Plaintiff's request must be denied as the Court must protect itself and the orderly administration of its docket from Plaintiff's well-documented history of abusive filings").

7.      For the reasons discussed in my objection to that report and recommendation, everything I did that Judge Tinsley complains of is legal, which makes his report and recommendation a flagrant violation of my legal and constitutional rights.

8.      Because this retaliation is also carrying over to him denying my Motion for ECF Access, it likewise makes that denial also an unconstitutional retaliation against me. Therefore, under the Perry precedent, even if ECF access may be discretionary in the first instance, his denial of that benefit *in this instance* is unconstitutional.

### At a minimum, the Court should allow me to receive electronic notifications of court activity in this case.

9.      Judge Tinsley states that I have not stated any way in which I am prejudiced by not being granted ECF Access, but there is at least one way in which I am prejudiced: Because I do not receive electronic notifications whenever the case updates, the burden falls to me to check the records on Pacer, literally every single day, to see if any updates to the case have happened. Here, where it took months and months for an update to occur, I stopped checking every day. This, in turn, caused me to not see the orders of Judge Tinsley until January 31st, 2025, which delayed my ability to prepare a response to them.

10.     Even if I must mail my filings in, the Court should, at a minimum, send me electronic notifications whenever there is activity in this case. This would allow me to instantly know of anything that requires a response from me.

11.     I can also email Judge Johnston's chambers, just like I did with ECF 25 and just like I am going to do with these two objections, attaching PDF copies of my upcoming mailings, so the Court can still click on any links that I provide.

12.     So please give me at least that much.

## Conclusion

13.     Wherefore, premises considered, I respectfully pray that both of these objections be sustained in their entirety, that both of Magistrate Judge Tinsley's orders be overridden, and for any other relief to which I may be entitled.

So requested on this, the 10th day of February, 2025.

*/s/ David Stebbins*
David Stebbins (pro se)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 212-4947
acerthorn@yahoo.com