## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

DAVID STEBBINS,

        Plaintiff,

v.                               CIVIL ACTION NO.   2:24-cv-00140

JOSHUA MOON, et al.,

        Defendants.

### ORDER

Pending before the Court is David Stebbins's ("Plaintiff") *pro se* motion for the appointment of counsel.  (ECF No. 27.)  The Court has the discretionary power to appoint counsel in civil cases under 28 U.S.C. § 1915(e)(1).  It is "well settled that in civil actions the appointment of counsel should be allowed only in exceptional cases."  *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975).  Accordingly, a district court abuses its discretion to deny counsel in a civil action only if the plaintiff's case presents "exceptional circumstances."  *See Mills. V. Wexford Health Sources, Inc*, 2023 WL 25382, * 3 (S.D. W. Va. Jan. 3, 2023) (citing *Whisenant v. Yuam*, 739 F.2d 160 (4th Cir. 1984)).  "To determine the existence of exceptional circumstances, the Court must consider (1) the type and complexity of the case, and (2) the abilities of the person bringing the action."  *Id.*  A district court should appoint counsel to assist a litigant "[i]f it is apparent to the district court that a pro se litigant has a colorable claim but lacks the capacity to present it."  *Whisenant*, 739 F.2d at 163.

The Court finds that exceptional circumstances do not warrant appointing counsel at this time.  Starting with Plaintiff's abilities, the Court does not find he is incapable of managing this litigation *pro se*.  Mr. Stebbins has a history of *pro se* litigation stemming from 2010 through this case.  (*See* ECF No. 24 at 7–8.)  He has demonstrated his capacity to comprehend the Court's orders, procedures, and deadlines.

Similarly, the Court cannot find that the case is sufficiently complicated to justify the appointment of counsel.  In support of his motion, Plaintiff argues that "fair use is most *likely* going to be the defendants' primary defense on the merits."   (ECF No. 27 at ¶ 4 (emphasis added).)  Whatever can be said of the difficulty of that doctrine, the defendants have not actually raised it at this time.   Thus, case complexity is, at best, speculative at this point in time.

When, as here, it cannot be determined at an early stage if a litigant has a colorable claim or the inability to present it, the district court may deny the appointment of counsel without prejudice.  *See Bates v. Apple, Inc.*, 2016 WL 9080880, *1 (S.D. Md. Apr. 5, 2016).  Considering all of the factors above, the motion for appointment of counsel, (ECF No. 27), is **DENIED WITHOUT PREJUDICE.**[1]

Also pending before the Court is Plaintiff's motion to extend the time to file objections to the Magistrate's proposed findings and recommendations and order regarding CM/ECF access.  (ECF No. 26.)  Plaintiff timely filed his objections, which were received on February 18, 2025.  (*See* ECF Nos. 28 and 29.)  Because the Court has both timely received the objections and denied

---

[1] Plaintiff also contends that he is entitled to counsel because he will be deprived of liberty similar to *Lassiter v. Department of Social Services of Durham County,* 452 U.S. 18 (1981).  That case, which considered the Fourteenth Amendment procedural due process rights of parents being stripped of custody to their children, is wholly inapposite here.  The Court has found no authority for the proposition that denial of *in forma pauperis* status amounts to deprivation of procedural or substantive due process rights.

Plaintiff's motion for appointment of counsel, Plaintiff's motion for an extension is **DENIED AS MOOT**.

   **IT IS SO ORDERED**.

   The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

       ENTER:   March 7, 2025

       _____

       THOMAS E. JOHNSTON
       UNITED STATES DISTRICT JUDGE