UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

in re DAVID STEBBINS, Petitioner ) Case 26-_____
)
)
)
)
)

## PETITION FOR WRIT OF MANDAMUS

Comes now, pro se Plaintiff David Stebbins, who hereby submits the following Petition for Writ of Mandamus in the above-styled action.

## TABLE OF CONTENTS

| Section | Page |
|---|---|
| I. TABLE OF CONTENTS | 1 |
| II. TABLE OF AUTHORITES | 1 |
| III. RELIEF SOUGHT | x |
| IV. ISSUES PRESENTED | x |
| V. FACTS OF THE CASE | x |
| VI. REASONS WHY THE WRITS SHOULD ISSUE | x |
| 1. Writ of Mandamus | x |
| 2. Lack of Availability of Other Remedies | x |
| 3. Prejudice I have suffered as a result of the delay | x |
| 4. If denied, an unambiguous amount of time to wait would be appreciated. | x |
| VII. CONCLUSION | x |

## TABLE OF AUTHORITIES

| Rules & Statutes | Page(s) |
|---|---|
| ● 28 USC § 1915 | *passim* |
| ● Canon 3(A)(5) of the Code of Conduct for United States Judges | 4 |
| **Case Law** | **Page(s)** |
| • In re City of Virginia Beach, 42 F. 3d 881 (4th Cir. 1994) | 4 |

## RELIEF SOUGHT

1.      I ask that District Judge Thomas Jonston and Magistrate Judge Dwane Tinsley be compelled to issue a ruling on my Objection to Magistrate Judge's Report & Recommendation (ECF 29 & 30), as well as to issue a determination regarding the sufficiency of my First Amended Complaint (ECF 34) pursuant to 28 USC § 1915(e), in Case 2:24-cv-00140 (Stebbins v. Moon) in the United States District Court for the Southern District of West Virginia.

## ISSUES PRESENTED

2.      Whether the district court has engaged in undue delay in ruling on my Objection Magistrate Judge's Report & Recommendation and ruling on the sufficiency of my Complaint pursuant to 28 USC § 1915(e) by taking more than an entire year to rule on them.

## FACTS OF THE CASE

3.      On March 21, 2024, I filed a pro se lawsuit against two defendants. Joshua Moon and his company, Lolcow LLC, the latter of which is headquartered in South Charleston, WV, thereby creating presumed personal jurisdiction in the Southern District of West Vrignia. The case was then given Case Number 2:24-cv-00140.

4.      When I called the Magistrate Judge's chambers to inquire about the status of the action, a law clerk named Megan Davis took the call, and she was extremely rude and unprofessional during that call, prompting me to file a complaint against her with the Chief Judge of the Southern District of West Virginia. Because (A) West Virginia is a one-party consent state, and (B) the call was governed by federal jurisdiction anyway, which is also a one-party consent jurisdiction, I recorded the phone call for evidenciary purposes.

5.      The Magistrate Judge apparently took exception to that, and recommended that (A) My Motion for ECF Access be denied, and (B) that I be denied leave to proceed in forma pauperis, claiming that me recording the call and filing the complaint against Megan Davis (both of which were squarely within my constitutional rights) amounted to abuse of the legal system. See ECF 23 & 24.

6.      I filed timely objections to the Magistrate Judge's orders (see ECF 29) explaining to the District Judge that the Magistrate Judge's Order (ECF 23) and Report & Recommendation (ECF 24) were unconstitutional and manifestly obvious examples of judicial retaliation for me exercising in good faith my constitutional rights. That was filed on February 18, 2025. It is now over a year old and has not yet been ruled on by the District Court.

7.      On July 21, 2025, I filed an Amended Complaint, stating all of the copyright infringement that I had alleged in the original complaint, but also including multiple counts of libel that Josh Moon, personally and directly (meaning there is no § 230 immunity), posted about me on his personal website. That was the last activity in the district court proceedings.

## REASONS WHY THE WRIT SHOULD ISSUE

8.      For the following reasons, the Court should issue this writ.

### Writ of Mandamus

9.      "A judge should dispose promptly of the business of the court." See Canon 3(A)(5) of the Code of Conduct for United States Judges. It is well-established that one of the most common grounds for granting a writ of mandamus is to compel a court to issue a ruling on a motion that has sat on its docket without a ruling for an unreasonable amount of time. See In re City of Virginia Beach, 42 F. 3d 881, 884-85 (4th Cir. 1994) ("We have concluded, though, that interlocutory review by mandamus or injunction may be appropriate in those 'rare circumstances' where the ongoing... proceedings suffer from... unreasonable delay... a fundamental infirmity in a... proceeding, justifying interlocutory relief, may occur when a[ district court] unduly delays the resolution of a matter committed to it").

10.     It is axiomatic that a district judge has a duty to issue a ruling on all motions properly filed in cases before it. Even if the motion is entirely frivolous and baseless, a judge must issue, at the very least, a 1-page order calling it frivolous and baseless, and denying it accordingly. Therefore, the first essential element for obtaining mandamus relief is met.

11.     We then turn to the question of whether the District Court has engaged in undue delay. Whether a delay is considered "undue" depends on a multitude of factors. But here, the matter has laid dormant for over a year. If anything constitutes undue delay, it is this.

### Lack of Availability of Other Remedies

12.     One of the essential requirements for obtaining mandamus relief is that I must have no alternative means of obtaining this relief. However, in this case, that element has been satisfied. I tried calling the judge's chambers to inquire about the delay, only to receive no tangible information (as well as an implication that she was withhold said information from me out of spite for me having filed the ethics complaint against her). There are no other options available to me. It's mandamus or nothing.

### Prejudice I have suffered as a result of the delay

13.     Every day that goes by without this case moving forward is prejudicial to me. This is because, even as we speak, the infringing post is still publicly visible, meaning that literally every single day that goes by where that post isn't taken down is an infringement of my intellectual property rights.

14.     I can't even file a motion for preliminary injunction to have the video taken down in the interim because the judge has ordered a stay, and warned the parties not to file anything more without leave of court.

15.     Therefore, every day that goes by while this case just sits on the docket and doesn't move

forward is prejudicial to me.

**If denied, an unambiguous amount of time to wait would be appreciated.**

16.    In the case of Madden v. Myers, 102 F. 3d 74, 79 (3rd Cir. 1996), the US Court of Appeals for the Third Circuit denied the petition for writ of mandamus for want of undue delay, but they also gave the petitioner a specific amount of time to wait before re-filing the Petition. See id at 79 ("The Magistrate Judge's Report and Recommendation was filed in February, 1996. Madden filed objections in March"). The petition was submitted on August 8, 1996. That was a total of five months in between Objection and Petition for Writ of Mandamus. With that said, the Third Circuit Court of Appeals held that "[t]his denial is without prejudice to petitioner filing a new petition for writ of mandamus if the district court does not act within 60 days of the date of this order." See id.

17.    Here, more than twice that length of time – more than an entire year – has gone by without any word from the District Court. So I believe that a writ of mandamus is appropriate at this time.

18.    If, however, this Court disagrees with me, then I respectfully ask that it give me a length of time, just as clear and unambiguous as that in the Madden case, of how much longer it wants me to wait before I re-file this Petition.

## CONCLUSION

19.    Wherefore, premises considered, I respectfully pray that this Petition for Writ of Mandamus be issued, costs incurred be awarded, and for any other relief to which I may be entitled.

So submitted on this, the 12th day of March, 2026.

David Stebbins (pro se)
123 W. Ridge Ave.,
APT D
Harrison, AR 72601
(870) 204-6516
acerthorn@yahoo.com

